HARRIET F. PADELFORD *vs.* DAVID PADELFORD.

Bristol.    March 7, 1893. — June 9, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Divorce — Libel by Deserting Party — Former Libel.*

A libel for divorce for desertion, under the Pub. Sts. c. 146, § 1, cannot be maintained by the deserting party, although the desertion was caused by the misconduct of the other party.

LIBEL, filed on January 14, 1892, by Harriet F. Padelford, for a divorce from David Padelford, on the ground of desertion.

The libel alleged that the libellant and libellee were married on August 24, 1873, and that they thereafter lived together as husband and wife until January 2, 1886, when, the libellee having for the previous three years cruelly and abusively maltreated the libellant, and endangered her life and health, and put her in fear of physical injury, she deserted the libellee, and since that date has lived entirely apart from him.

The libellee demurred, and also filed an answer in bar alleging that the libellant had previously brought a libel for divorce against the libellee on the ground of extreme cruelty and cruel and abusive treatment during the same period of time as was alleged in the present libel, and that, at a hearing on the merits, that libel was dismissed.

*Blodgett*, J. sustained the demurrer, and the libellant appealed to this court. The judge also ruled that the decree in the former action was a bar to the present action, and ordered the libel to be dismissed; and the libellant alleged exceptions.

*C. A. Reed*, for the libellant.

*W. H. Fox*, for the libellee.

MORTON, J. It was formerly provided that "a divorce from the bond of matrimony may be decreed in favor of either party in all cases when one of the parties has deserted or shall hereafter desert the other for the term of five years consecutively; provided, that when the libel is filed by the party deserting, it shall appear that the desertion was caused by extreme cruelty of the other party, or in case the libel is filed by the wife, that the desertion was caused by the gross or wanton and cruel neglect to provide suitable maintenance for her by the husband, he being of sufficient ability so to do." St. 1857, c. 228, § 2. This statute was re-enacted in the Gen. Sts. c. 107, § 7, as to divorces from the bond of matrimony. It did not apply, and never did, to divorces from bed and board. Prior to 1857 it had been provided that a divorce from the bond of matrimony in favor of either party might be decreed, when the other had deserted for five years. St. 1838, c. 126. This last statute was expressly held not to include a case where the libel was brought by the deserting party, and in which the desertion was caused by

the misconduct of the other party.   *Pidge* v. *Pidge*, 3 Met. 257.
*Fera* v. *Fera*, 98 Mass. 155.   There can be no doubt that St.
1857, c. 228, § 2, was passed in consequence of the decision in
*Pidge* v. *Pidge, ubi supra.*   The St. 1870, c. 404, which made
a material change in the divorce laws, apparently left the pro-
visions of Gen. Sts. c. 107, § 7, still in force.   In this situation,
the law as it stands now was enacted providing simply for
divorce for " utter desertion continued for three consecutive
years next prior to the filing of the libel."   Pub. Sts. c. 146,
§ 1.   We must regard the omission by the Legislature from
the Public Statutes of the provisions formerly contained in St.
1857, c. 228, § 2, and in Gen. Sts. c. 107, § 7, permitting a
libel to be brought in certain cases by the deserting party,
as significant, and as manifesting an intention on its part not
only to limit divorces for desertion to cases in which the libel-
lant has actually been deserted by the other party, but to ex-
clude cases in which the libellant was the deserting party, even
though such desertion had been caused by the misconduct of the
other party.

The ruling sustaining the demurrer was, therefore, correct,
and as it is decisive of the case there is no need to consider
whether the judgment dismissing the former libel is a bar to
this libel.

*Order dismissing libel affirmed.   Exceptions overruled.*