EMMA L. PRALL, *Appellant*, v. JOHN M. PRALL, *Appellee*.

1.  Where a final judgment or decree has been rendered by a court having jurisdiction of the subject matter and of the parties it is binding on the parties and their privies; and such final judgment or decree is a bar to another suit or action between the same parties for the same subject matter. This principle of law is enforced by the courts so that parties may not be vexed more than once for the same cause, and that there may be an end to litigation.

2.  Where a final judgment or decree is rendered for the defendant on demurrer, the plaintiff is estopped from maintaining a similar or concurrent action or suit for the same cause upon the same grounds that were disclosed in the first suit or action, for the reason that the judgment determines the merits of the cause as presented by the pleadings affected by the demurrer.

3.  Where a demurrer to a pleading is sustained because essential allegations of fact were omitted from the pleading; a final judgment on the demurrer concludes the parties and their privies only as to the sufficiency of the facts as alleged to state a cause of action.

4.  In general, a final judgment on demurrer is not a bar to a second suit or action for the same cause between the same

parties as an estoppel by judgment because of the former adjudication, where the pleadings in the second suit or action supply the essential allegations omitted from the first suit or action, though the conduct of the parties in not presenting the case when an opportunity was afforded may under special circumstances operate as an estoppel *in pais*. Conclusions of law are not admitted by demurrer.

5.  Where the second suit is upon the same cause of action and between the same parties as the first, the final judgment in the first suit upon the merits is conclusive in the second suit as to every question that was presented or might have been on the pleadings presented and determined in the first suit.

6.  When the second suit is upon a different cause of action, but between the same parties as the first, the judgment in the first suit operates as an estoppel in the second suit only as to every point and question that was actually litigated and determined in the first suit, and the first judgment is not conclusive as to other matters that might have been, but were not, litigated or decided.

7.  The test of the identity of causes of action, for the purpose of determining the question of *res adjudicata*, is the identity of the facts essential to the maintenance of the actions. It is of the essence of estoppel by judgment that it be made certain that the precise facts were determined by the former judgment. If there is any uncertainty as to the matter formerly adjudicated, the burden of showing it with sufficient certainty by the record or extrinsically is upon the party who claims the benefit of the former judgment.

8.  Where a suit for divorce is upon the ground of "habitual indulgence by defendant in violent and ungovernable temper," it is not a bar as an estoppel by judgment to a second suit, between the same parties as plaintiff and as defendant, for divorce on the grounds of "extreme cruelty by defendant to complainant" and of "willful, obstinate and continued desertion of the complainant by defendant for one year," where different facts are alleged. The conduct of the plaintiff in prosecuting the divorce proceedings does not appear to operate as an estoppel *in pais* as to the second suit.

32—Vol. 58.

9.  While the welfare of society demands exemption from unnecessary and vexatious divorce litigation, the principles of *res adjudicata* should not be so applied as to prevent one determination of every distinct cause of action under the statutes authorizing divorces for specific and separate species of misconduct.

10. Where the appeal is not from a final decree but only from an interlocutory order or decree, errors assigned on other interlocutory orders not specifically appealed from will not be considered by the appellate court.

11. Where it appears to the appellate court that a bill of complaint does not state a cause of action, the court may make appropriate orders with reference to such defective pleading even though the question of the sufficiency of the pleading is not in any way presented to the court for its action.

12. It is not the policy of the law to grant divorces for post nuptial causes short of marital infidelity when such causes do not in fact render one of the parties incapable of performing the duties incident to the marriage status.  The law authorizes the severance of the matrimonial union only when the conduct of one of the parties renders it impracticable for the other to further perform the marital duties.

13. In a suit for divorce the bill of complaint should contain allegations of all facts essential to the cause of action and to the plaintiff's right to maintain the suit.

14. In divorce proceedings in the courts of Florida on grounds other than for adultery committed in this State the bill of complaint must contain an allegation and there must be proof that the plaintiff has "resided two years in the State of Florida before the filing of the bill"; and where no such allegation appears in the bill of complaint the plaintiff is not entitled to maintain the suit.

15. The extreme cruelty that constitutes the statutory ground for divorce is such conduct by the husband or wife towards the other consort as will, endanger his or her life, limb or health, or as will cause a reasonable apprehension of bodily

hurt. The injury or danger of injury may be mental or physi-
cal, but it must be of such a character as to render it imprac-
ticable for the complainant to discharge with reasonable
safety his or her marital duties. Mere inconvenience, unhap-
piness or incompatibility of temperament or disposition, ren-
dering the marriage relation between the parties disagreeable
or even burdensome will not authorize a decree of divorce for
extreme cruelty.

16. The mere refusal of a wife to accord to the husband the
marital privileges lawful only to the husband is not of itself
such a desertion of the husband as to authorize him to secure
a divorce on the statutory ground of willful, obstinate and
continued desertion for one year.

This case was decided by the court En Banc.

Appeal from the Circuit Court for Hillsborough
County.

STATEMENT.

On December 21st, 1908, John M. Prall brought in the
circuit court for Hillsborough county, Florida, a suit in
equity for a divorce from his wife Emma L. Prall. In the
amended bill of complaint it is alleged that the couple
were married April 3, 1895, at Fort Dodge, Iowa; that
they lived together in Iowa and two children were born
to them; that during their married life till he finally
separated from her, the complainant was a faithful and
devoted husband; that during their residence in Iowa
the wife became enamored with a strange religious sect
and a devotee at its altar; * * * that from the time of
her conversion to the belief of this sect the defendant
began to be estranged from the complainant because of
his inability to join her in the adoption of the tenets of
this religion;" that to please her he moved to Estero in
Lee county, Florida, where the sect was established; that

the wife "further yielding to the doctrine of this sect, which holds as one of its beliefs that the members of the sect or union are married in Christ and are not properly married to any one, withdrew herself from all marital relations with complainant, abjuring him in every way and telling him that his approaches were obnoxious to her; that she refused to * * * allow complainant the privileges of a husband; that during this time the respondent became more and more undutiful in her relations towards complainant, being enraged with complainant on account of his refusal to submit all of their property to be community property with the said religious society as aforesaid; that she constantly chided him upon his sinfulness and sought to estrange his children from him. Moreover complainant says that respondent ceased in every way to render services to him as a wife, and instead of extending to him courtesy and respect due a husband, maligned him and abused him in the presence of their children, seeking by her conduct to compel complainant to withdraw himself from her; that this state of affairs continued for a period of more than one year and up to about October 10th, 1907, and constituted extreme cruelty on the part of the defendant towards complainant. And constituted wilful, obstinate and continued desertion of complainant by defendant for a period of more than one year. And that the several matters herein charged so preyed upon complainant's mind that he became sick and discouraged with life and was unable to discharge the duties of citizenship and his associations with the said respondent became repulsive to him, and that upon the said day aforesaid, complainant withdrew himself from respondent and from their home and that he has not since that time lived or cohabited with her; that at the time of their said separation your orator delivered to said respondent all of the property purchased by them in the

said town of Estero and all the fruit of their labors during the year he had lived there, and that the said respondent accepted the same in full discharge of all of his liabilities by way of dower or otherwise to her; that at this time she claimed she never would live with him as his wife again, or cohabit with him, and that he had full power and privilege to return to the world and secure a divorce or any other proceeding in accordance with the ways of the world, as will more fully appear by letters written to your orator by the said respondent, copies of which are hereto attached and marked Exhibits "A" and "B," and prayed to be made parts of this your orator's bill; that in reliance upon the terms of their separation in believing himself justified in seeking a divorce, your orator did on the 10th day of December, A. D., 1907, file in the circuit court of the county of Hillsborough a bill for divorce upon the ground of violent and ungovernable temper, to which said bill the said respondent signed the answer and swore to the same, in order that your orator might not be taxed with the costs of making service through the sheriff, that thereafter the said respondent interposed no contest in the said suit, waiving by her said answer all her right to take testimony or contest the same, and that thereupon the 2nd day of December, A. D., 1908, a decree of divorce was granted your orator. Moreover your orator says that subsequently to this time, but within the period of six months after the rendition of the court's decree, the said respondent made demand upon your orator for additional moneys and property, and upon your orator's refusal to give her the same, entered an appeal in your orator's suit for divorce and upon which appeal the decree of the circuit court was reversed for want of sufficient proof and no opportunity allowed your orator to amend, and hence your orator has been compelled to file his original bill herein.

"Exhibit 'A.'

Tampa, Fla. Nov. 11-07.

I hereby relinquish all my rights as the wife of Mr. J. M. Prall. That so far as I am concerned he is at perfect liberty from now henceforth to do whatsoever his judgment dictates in regard to signing of legal documents, marriage, etc., regardless of me.

Signed,   Emma L. Prall."

"Exhibit 'B.'

Nov. 30th, 1907.

Dear Bro. John.

I beg to acknowledge receipt of your letter of the 27th inst. I will say that I agree to the terms of divorce specified therein. I trust that you will have the matter put through with expedition.

Emma L. Prall."

The amended bill of complaint was demurred to on the grounds that it does not state a cause of action, and that the matters alleged had been formerly adjudged. The demurrer was overruled and the defendant filed the following plea:

"That on the 10th day of December, 1907, the above named complainant John M. Prall filed in the circuit court of the Sixth Judicial Circuit of the State of Florida, in and for Hillsborough county, on the Chancery side of said court, his bill of complaint against the defendant, alleging that she had been guilty of an indulgence of a violent and ungovernable temper towards the complainant, and praying for a divorce from this defendant; that on the 12th day of December, 1907, the judge of said court entered the decree of said court granting the said complainant John M. Prall a divorce from the defendant

Emma L. Prall, the said court being a court of competent jurisdiction; that on the 9th day of June, 1908, the said Defendant Emma L. Prall entered her appeal from said decree to the Supreme Court of the State of Florida; that the said Supreme Court of the State of Florida, by its order and decree dated the 11th day of December, 1908, reversed said decree, and by its decree and mandate dismissed said cause and thereby finally adjudicated the same; that subsequent to the final adjudication of said cause and to-wit., on the 21st day of December, 1908, the said complainant John M. Prall instituted this suit against the said defendant Emma L. Prall, praying that he be granted a decree of divorce from this defendant; that on the 5th day of April, 1909, he filed his amended bill of complaint against this defendant setting forth various reasons why he should be granted a decree of divorce from the defendant; that the said amended bill of complaint shows that all of the matters and things complained of by the said complainant in said amended bill of complaint, if true, happened, took place, occurred and were committed and done by this defendant prior to the said 10th day of December, 1907, when he filed his bill of complaint in this court against this defendant and on which bill of complaint was based the decree of divorce from this defendant which said decree was reversed by the Supreme Court of the State of Florida, and the said bill of complaint dismissed, and that the said amended bill of complaint shows that the matters and things therein complained of were within the knowledge of the said complainant at the time he filed his said bill of complaint on the 10th day of December, 1907, which was dismissed by the decree of the Supreme Court of the State of Florida, and thereby finally adjudicated; wherefore this defendant says that the matters and things alleged by, and complained of by the complainant in said amended

bill of complaint are *res adjudicata,* and this defendant prays that she may be hence dismissed with her costs in this behalf unjustly expended."

This plea of *res adjudicata* was overruled and the defendant appealed solely from the order overruling the plea. The errors assigned are the overruling of the demurrer to the bill of complaint and the overruling of the plea of *res adjudicata.*

*M. Gibbons* for Appellant;

*E. B. Drumright,* for Appellee.

WHITFIELD, C. J.—Where a final judgment or decree has been rendered by a court having jurisdiction of the subject matter and of the parties it is binding on the parties and their privies, and such final judgment or decree is a bar to another suit or action between the same parties for the same subject matter. This principle of law is enforced by the courts so that parties may not be vexed more than once for the same cause, and that there may be an end to litigation. 24 Am. & Eng. Ency. Law (2nd ed.) 713; Lake v. Hancock, 38 Fla. 53, 20 South. Rep. 811; 56 Am. St. Rep. 159; 11 Current Law 1537; 9 Current Law 1423; 7 Current Law 1750; 2 Andrews' Am. Law, Par. 764.

Where a final judgment or decree is rendered for the defendant on demurrer, the plaintiff is estopped from maintaining a similar or concurrent action or suit for the same cause upon the same grounds that were disclosed in the first suit or action for the reason that the judgment determines the merits of the cause as presented by the pleadings affected by the demurrer. But where a demurrer to a pleading is sustained because essential allegations of fact were omitted from the pleading a final

judgment on the demurrer concludes the parties and their privies only as to the sufficiency of the facts as alleged to state a cause of action. In general a final judgment on demurrer is not a bar to a second suit or action for the same cause between the same parties as an estoppel by judgment because of the former adjudication, where the pleadings in the second suit or action supply the essential allegations omitted from the first suit or action, though the conduct of the parties in not presenting the case when an opportunity was afforded may under special circumstances operate as an estoppel *in pais.* Conclusions of law are not admitted by demurrer. See Gould v. Evansville & C. R. Co., 91 U. S. 526; Rowell v. Smith, 123 Wis. 510, 102 N. W. Rep. 1, 3 Am. & Eng. Anno Cas. 773; City of North Muskegon v. Clark, 62 Fed. Rep. 694, 10 C. C. A. 591, 22 U. S. App. 522; Harrington v. Harrington, 189 Mass. 281, 75 N. E. Rep. 632.

Where the second suit is upon the same cause of action and between the same parties as the first, the final judgment in the first suit upon the merits is conclusive in the second suit as to every question that was presented or might have been presented and determined in the first suit. When the second suit is upon a different cause of action, but between the same parties as the first, the judgment in the first suit operates as an estoppel in the second suit only as to every point and question that was actually litigated and determined in the first suit, and the first judgment is not conclusive as to other matters that might have been, but were not, litigated or decided. The test of the identity of causes of action, for the purpose of determining the question of *res adjudicata,* is the identity of the facts essential to the maintenance of the actions. It is of the essence of estoppel by judgment that it be made certain that the precise facts were determined by the former judgment. If there is any uncertainty as

to the matter formerly adjudicated, the burden of showing it with sufficient certainty by the record or extrinsically is upon the party who claims the benefit of the former judgment. Fulton v. Gestering, 47 Fla. 150, 36 South. Rep. 56; Harrison v. Remington Paper Co., 140 Fed. Rep. 385, 3 L. R. A. (N. S.) 954, 5 Am. & Eng. Anno Cas. 314; Rowell v. Smith, 123 Wis. 510, 102 N. W. Rep. 1, 3 Am. & Eng. Anno. Cas. 773; Draper v. Medlock, 122 Ga. 234, 50 S. E. Rep. 113, 2 Am. & Eng. Anno Cas. 650; Russell v. Place, 94 U. S. 606; DeSollar v. Hanscome, 158 U. S. 216, text 221; Thompson v. Bushnell Co., 80 Fed. Rep. 332; Rogers v. Higgins, 57 Ill. 244.

The first suit between the parties was for a divorce upon the statutory ground of "habitual indulgence by defendant in violent and ungovernable temper." While the trial court granted the divorce upon the allegations and proofs, this court, on appeal, held the allegations of facts to be insufficient to state a cause of action, as the conclusions of law stated in the bill of complaint were not sustained by the facts alleged, and also held that the proofs were insufficient to warrant a decree of divorce. The bill was ordered to be dismissed. The decree in the former suit is, therefore, conclusive only as to the material facts alleged and shown therein. Prall v. Prall, 56 Fla. 521, 47 South. Rep. 916. See also McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910, and authorities there cited.

This second suit between the same parties as plaintiff and as defendant is for a divorce upon the statutory grounds of "extreme cruelty by the defendant to complainant," and of "wilful, obstinate and continued desertion of the complainant by the defendant for one year." It is consequently not for the same cause of action. The material facts alleged in the first suit, in so far as they affect this suit are that for some time past "the defendant

seemed to grow tired of her condition in life and surroundings, having become very irritable, quarrelsome, and otherwise disaffectionate to complainant, continually finding fault with" him. "Matters grew worse, the defendant on divers occasions indulging in outbursts of temper, abusing complainant unmercifully until on or about October 10, 1907, complainant's life became a burden instead of a pleasure, at which time he left his home and has never returned." "Wherefore charges the defendant with having been guilty of an indulgence of a violent and ungovernable temper towards" complainant. The only proof was the complainant's testimony that "my wife continually displayed a violent and ungovern able temper toward me, until on or about the 15th day of October, without any provocation whatever, my wife flew into a violent rage of temper, abusing me for everything imaginable. I then turned over all my property to her. * * * I then left. My home had become such, on account of my wife's display of temper, that my life was a burden to me. I lived with her until I became fully convinced that I could stand it no longer. I at all times treated her with kindness and affection, providing for her the best my circumstances and condition in life would permit."

By reference to the bill of complaint set out in the statement it will be seen that the facts here alleged are not in substance the same as those alleged in the first suit as above stated, and also that the decree here sought is upon grounds different from those of the first suit. This being so under the principles above stated, the plea of *res adjudicata* was properly overruled. It does not now appear that the conduct of the plaintiff operates as an estoppel in pais to prevent the prosecution of this suit for divorce.

While the welfare of society demands exemption from unnecessary and vexatious divorce litigation, the princi-

ples of *res adjudicata* should not be so applied as to pre-vent one determination of every distinct cause of action under the statutes authorizing divorces for specific and separate species of misconduct. See Lea v. Lea, 99 Mass. 493, S. C. 96 Am. Dec. 772.

The appeal herein is taken solely from the interlocutory order overruling the plea of *res adjudicata,* therefore the assignment of error based upon the order overruling a demurrer to the bill of complaint cannot be considered. Where the appeal is not from a finàl decree but only from an interlocutory order or decree, errors assigned on other interlocutory orders not specifically appealed from will not be considered by the appellate court. City of Miami v. Miami Realty L. & G. Co., 57 Fla. 366, 49 South. Rep. 55.

Where it appears to the appellate court that a bill of complaint does not state a cause of action, the court may make appropriate orders with reference to such defective pleading even though the question of the sufficiency of the pleading is not in any way presented to the court for its action. See City of Jacksonville v. Massey Business College, 47 Fla. 339, 36 South. Rep. 432; Florida Packing Ice Co. v. Carney, 49 Fla. 293, 38 South. Rep. 602.

It is not the policy of the law to grant divorces for post nuptial causes short of marital infidelity when such causes do not in fact render one of the parties incapable of performing the duties incident to the marriage status. The law authorizes the severance of the matrimonial union only when the conduct of one of the parties renders it un-practicable for the other to further perform the marital duties. Hickson v. Hickson, 54 Fla. 556, 45 South. Rep. 474.

In a suit for divorce the bill of complaint should contain allegations of all facts essential to the cause of action and to the plaintiff's right to maintain the suit. Hancock v. Hancock, 55 Fla. 680, 45 South. Rep. 1020.

The statute expressly provides that in order to obtain a divorce, except for adultery committed in this State, the complainant must have resided two years in the State of Florida before filing the bill. Sec. 1926, Genl. Stats. of 1906. There is no allegation in the bill of complaint of the prerequisite two years residence in this State of the complainant to authorize the complainant to maintain this suit. Beekman v. Beekman, 53 Fla. 858, 43 South. Rep. 923; Donnelly v. Donnelly, 39 Fla. 229, 22 South. Rep. 648; Gredler v. Gredler, 36 Fla. 372, 18 South. Rep. 762.

The extreme cruelty that constitutes the statutory ground for divorce is such conduct by the husband or wife towards the other consort as will endanger his or her life, limb or health, or as will cause a reasonable apprehension of bodily hurt. The injury or danger of injury may be mental or physical, but it must be of such a character as to render it impracticable for the complainant to discharge with reasonable safety his or her marital duties. Mere inconvenience, unhappiness and incompatibility of temperament or disposition, rendering the marriage relation between the parties disagreeable or even burdensome will not authorize a decree of divorce for extreme cruelty. Hancock v. Hancock, 55 Fla. 680, 45 South. Rep. 1020 and authorities cited; Williams v. Williams, 23 Fla. 324, 2 South. Rep. 768; Goff v. Goff, 60 West Va. 9, 53 S. E. Rep. 769, 9 Am. & Eng. Anno. Cas. 183, and notes.

The facts alleged in this amended bill are not sufficient to constitute the statutory ground of "extreme cruelty by defendant to complainant" authorizing a divorce. Nor do the allegations warrant a decree of divorce on the statutory ground of "Wilful, obstinate and continued desertion of complainant by defendant for one year." See Hancock v. Hancock, *supra,* and authorities cited; Crawford v. Crawford, 17 Fla. 180; Palmer v. Palmer, 36 Fla. 385, 18 South. Rep. 720; Phelan v. Phelan, 12 Fla. 449.

The mere refusal of a wife to accord to the husband the marital privileges lawful only to the husband is not of itself such a desertion of the husband as to authorize him to secure a divorce on the statutory ground of wilful, obstinate and continued desertion for one year. In this case the husband alleges that he "withdrew himself from respondent and from their home, and that he has not since that time lived or cohabited with her." 14 Cyc. 612; 9 Current Law 999; 9 Am. & Eng. Ency. Law (2nd ed.) 765, 769; Fritz v. Fritz, 138 Ill. 436, 28 N. E. Rep. 1058, 32 Am. St. Rep. 156, 14 L. R. A. 685 and notes; Anonymous (Watson v. Watson) 52 N. J. Eq. 349, 28 Atl. Rep. 467; Segelbaum v. Segelbaum, 39 Minn. 258, 39 N. W. Rep. 492; Padelford v. Padelford, 159 Mass. 281, 34 N. E. Rep. 33; Southwick v. Southwick, 97 Mass. 327.

The order overruling the plea of *res adjudicata* from which the appeal was taken is affirmed, and the cause is remanded for further proceedings consistent with this opinion.

It is so ordered.

All concur except HOCKER, J., absent.