### DARWIN C. GIVENS v. CLARA PUGH GIVENS.

163 So. 574.
Opinion Filed October 19, 1935.

*Morris M. Givens, Anthony A. Fernandez* and *John H. Bledsoe,* for Appellant;

No appearance for Appellee.

BUFORD, J.—This case is before us on appeal from an order dismissing a bill for divorce on final hearing after testimony taken.

The bill of complaint alleged as ground for divorce that the defendant secured from the complainant a divorce in the State of Virginia on the 17th day of June, 1932, and that therefore complainant is entitled to have a decree of divorce from the defendant under paragraph 8 of Section 3191 R. G. S., 4983 C. G. L.

Decree *pro confesso* was entered after service by publication. Thereupon a master was appointed, testimony taken and presented to the court with motion for final decree.

The Master's Report was lengthy and showed due consideration in the matters presented and thereupon made the following recommendation to the court:

"On the evidence in this case and under the law above cited, the master, therefore, finds and recommends that the care, custody and control of said minor boy, Morris Hudson Givens, be awarded to the complainant, his father, Darwin C. Givens.

"It is further recommended that the complainant pay all costs of this procedure."

The decree of divorce entered in the State of Virginia was in the following language:

"IN THE CORPORATION COURT FOR THE CITY OF CHARLOTTESVILLE, VIRGINIA.

"June 29th, 1932.

"Clara Belle Givens v. Darwin Greyon Givens.

"This cause came on this 17th day of June, 1933, to be heard upon the plaintiff's bill and exhibit filed therewith; upon the answer of the defendant thereto and general replication to said answer; upon the depositions on behalf of

the plaintiff, and the exhibits filed therewith; and was argued by counsel.

"Upon consideration whereof, it appearing to the court independently of the admissions of either party in the pleadings or otherwise, that said parties were lawfully married on the 15th day of November, 1911; that continuously from the date of said marriage until June 2nd, 1931, complainant and respondent lived together as husband and wife, in Charlottesville, Virginia; that complainant has resided in said City of Charlottesville, and has therefore been domiciled in said State of Virginia, from the date of the aforesaid marriage to the date of this decree, and is now domiciled in said State of Virginia, and is and has been an actual *bona fide* resident of this State for at least one year preceding the commencement of this suit; and that said complainant last cohabited with said respondent in said City of Charlottesville; and that on the 2nd day of June, 1931, said respondent deserted and abandoned said complainant voluntarily, willfully and without justification; and that although complainant undertook to effect a reconciliation with said respondent, such reconciliation was refused by said respondent, so that the court is of the opinion that said complainant is therefore entitled to the relief prayed for in her said bill, it is ADJUDGED, ORDERED and DECREED that said plaintiff and said defendant be and they are hereby divorced from each other, from bed and board.

"And it is further ADJUDGED, ORDERED and DECREED that said complainant be and is hereby given the custody of the two infant children of said marriage, Darwin Greyon Givens, Jr., and Morris Hudson Givens; and that the property rights of each of the parties hereto in the property of the other be, and are hereby extinguished both as to property,

real and personal, heretofore or hereafter acquired by either of them.

"As no prayer appears in the bill with reference to alimony or to suit money, no order is entered with reference thereto; and *nothing* further remaining to be done in this suit, it is further ORDERED that the same be removed from the docket, but leave is reserved to the parties, or either of them, to make application to this Court for such further orders and decrees as are authorized by law.

"(Signed) A. D. DABNEY,
"*Judge.*

"A Copy—Teste:
"C. E. MORAN, *Clerk.*"

The decree appealed from was in the following language:

"This cause came on this day to be heard on the application of the plaintiff for a divorce *a vinculo matrimonii,* upon the bill of complaint and the master's report of the testimony submitted in support of the allegations of the bill of complaint and his recommendations thereof. A decree *pro confesso* for want of appearance was entered against the defendant.

"The ground for divorce set forth in the bill of complaint is that the defendant secured a divorce from the plaintiff in the State of Virginia on or about the 17th day of June, A. D. 1932. In support of this the plaintiff offered in evidence what purports to be a certified copy of the decree of divorce entered in the State of Virginia. The sufficiency of this copy is not now decided.

"The purported copy sets forth that 'Said plaintiff and said defendant be and they are hereby divorced from each other, from bed and board.' Section 4982, Compiled General Laws of Florida, 1927, provided, 'No divorce shall be from bed and board, but every divorce shall be from bonds

of matrimony.' In view of this section, this court is of the opinion that the ground for divorce contemplated by our statutes is a divorce *a vinculo matrimonii* and not a divorce from bed and board. To hold otherwise, would in this case be to give greater effect to the decree of the Virginia Court than that court itself gives. It would require this court to enter a decree based on a decree of inferior dignity, rendered by a court of another State.

"It Is Thereupon Ordered, Adjudged and Decreed, that the recommendations of the master in this cause be and the same are hereby overruled and the bill of complaint is dismissed at the cost of the plaintiff."

The question presented is whether or not a divorce in another State or Country *"a mensa et thoro"* is a divorce within the purview and meaning of paragraph 8 of Section 3191 R. G. S., 4983 C. G. L.

Section 3190 R. G. S., 4982 C. G. L., provides:

"No divorce shall be from bed and board, but every divorce shall be from bonds of matrimony."

This was originally contained in the Act of February 14, 1835.

The eighth ground of divorce above referred to was contained in the Act of January 5, 1847. The statute law of Virginia was not introduced in evidence, but as full faith and credit must be given judgments and decrees of courts of competent jurisdiction in other States, and there being no attack on the Virginia decree in this case, it must be assumed that that decree constituted a valid divorce under the laws of the State of Virginia.

In the case of Marshall v. Baynes, *et al.,* 88 Va. 1040, 14 S. E. 978, the Supreme Court of Appeals of Virginia said:

"The errors assigned are: 'First, that the court erred in holding that parties, Joseph and Mary, his wife, were not legally separated by the decree of 1843, and that the deed of Mary to Paul Marshall was invalid; secondly, that if there was no divorce *a mensa et thoro* between the parties that still the agreement between them of 1840 should have been held binding, and estopped Joseph, after the death of his wife from claiming after-acquired land of her; and that whatever right the children of Mary Arnett had accrued to them at the death of Mary in 1865, and they were barred in 1890 when they brought their suit; and thirdly, the form of the judgment was erroneous and should be set aside, as it was a judgment for their term, yet to come, in the land, and not a judgment for the land, the premises described in the declaration.' As to the first assignment of error, our Code (No. 2264) provides: 'In granting a divorce from bed and board the court may decree that the parties be perpetually separated and protected in their persons and property. Such decree shall operate upon property thereafter acquired and upon the personal rights and legal capacities of the parties as a decree for a divorce from the bond of matrimony, except that neither party shall marry again during the life of the other.' Mr. Minor, in his Institutes (volume 1, page 272), states the effects on legal capacities or incapacities of the parties wrought by a divorce *a vinculo matrimonii*. It annuls the marriage, leaves both parties free to marry again, liberates the wife from the restrictions of coverture, and enables her to bind herself personally by contracts, etc. In Virginia the effect of a divorce *a mensa et thoro* where there is a decree for a perpetual separation of the parties, is thus stated: 'Such decree of perpetual separation is expressly declared by statute to operate upon the personal rights and legal capacities of the parties as a

decree of divorce *a vinculo matrimonii* except that neither party can marry again during the life of the other. Code 1873, c. 105, No. 13.' 1 Minor Inst. 275, Section 13, c. 105, is the same as Section 2264 of the Code, *supra.* Mr. Conway Robinson in the second volume of his Old Practice, speaking of this statute, says: 'A decree of perpetual separation from bed and board shall have the same effect upon the rights of property which either party may acquire after the decree, and upon the personal right which either party may enjoy after such decree, as a divorce *a vinculo matrimonii* would have, save only that no such decree of separation from bed and board shall authorize either party to marry again during the lifetime of the other.' "

So we have a judicial determination of the highest judicial tribunal in the State of Virginia as to the force and effect of a divorce *a mensa et thoro.*

In 19 C. J. 18, the writer says:

"A judicial divorce is one granted by the sentence of a court of justice pursuant to general law. A confirmation or ratification of the divorce by the Legislature may be required by the Constitution. It may be either absolute or limited. An absolute divorce or a divorce *a vinculo matrimonii* is one which terminates the marriage relation. A limited divorce or divorce *a mensa et thoro* is one which suspends the marriage relation and modifies its duties and obligations, leaving the bond in full force; and is sometimes called 'a judicial separation,' leaving the term 'divorce' to include the absolute dissolution of a marriage. Prior to the enactment of 'The Matrimonial Causes Act' in England, a divorce *a mensa et thoro* was the only divorce known to the ecclesiastical law, and in South Carolina the courts have no power to grant any divorce other than one *a mensa et thoro.* In most of the States limited divorces are discour-

aged, although the power of the courts to grant them is generally recognized; and where plaintiff seeks only a limited divorce, the court has power to grant it even in cases where it is found that all the grounds for an absolute divorce exist."

We think that the mere fact that in Florida a divorce *a mensa et thoro* cannot be obtained does not preclude Florida from being bound by the Federal Constitution, Article IV, Sec. 1, and that, therefore, following the mandates of that provision of the Constitution, full faith and credit must be given in Florida to the public acts, records and judicial proceedings in the State of Virginia.

We further hold that as paragraph 8 of Section 3191 R. G. S., 4983 C. G. L., prescribes the obtaining of a divorce from the complainant in any other State or Country is a ground of divorce without excluding a divorce *a mensa et thoro* as such ground that this section of the statute applies to divorces *a mensa et thoro* as well as divorces *a vinculo matrimonii*.

Holding as we do, it follows that the Chancellor erred in dismissing the bill of complaint under the allegations and proof submitted and the decree must be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

It is so ordered.

Reversed.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.