ANNA PORTER COSLICK v. GEORGE M. COSLICK.

182 So. 835.

Opinion Filed July 28, 1938.

*Baynard & Baynard* and *Jefferson D. Stephens,* for Appellant;

*B. M. Skelton,* for Appellee.

### ON PETITION FOR REHEARING.

PER CURIAM.—The appellant based her appeal primarily on the theory that the allegations of the Bill of Complaint, as amended, were not sufficient to charge deserttion for one year prior to the filing of the bill on April 2, 1935, and that the only desertion alleged was during the pendency of the suit. It is urged upon the Court, in this petition for a rehearing, that the evidence is insufficient to establish a desertion one year prior to beginning this suit as the evidence conclusively shows that the separation took place on May 2, 1934, when Appellee went to the Government Hospital for treatment and therefore only eleven months transpired. It is further contended that it is shown by the testimony that the Appellee left the Appellant voluntarily and went to the hospital for treatment, and that there was no desertion on the part of the wife.

Not having argued the sufficiency of the evidence to establish desertion in the briefs and the oral arguments thereon, it is extremely doubtful that Appellant can raise this question at this late date. However, assuming that Appellant has not waived this assignment of error, we are still of the belief, as expressed in the former opinion,. that "there appears to be sufficient evidence to sustain the decree."

The evidence discloses that there was a definite break between Mr. and Mrs. Coslick some time before Mr. Coslick went to the hospital. Testimony of both parties estab-

lished this date of separation more than a year prior to the filing of this suit.

Appellee, Mr. Coslick, testified as follows:

"Q. Tell the Court where you have lived since about November of 1933.

"A. After we had that quarrel I mentioned, of course, for a time after a thing like that takes place, you are quite at a loss to know what to do. Well, I just stayed around the hotel thinking the thing would mend itself.

"Q. Where did you live in the hotel with reference to the defendant?

"A. I lived in Room No. 7.

"Q. Where was that with reference to the defendant's room?

"A. On the opposite side of the lobby."

He further testified:

"Q. You allege in your bill of complaint you lived with her until January 2, 1934.

"A. Well, I stated that we had this quarrel back there in November, 1933, and that from that date on we just did not live together as man and wife. I lived in a separate room. I was in the hotel, but lived in another rooom across the lobby. We were in No. 4 and Mrs. Coslick locked her door to No. 4, to the room we had been using jointly, twin beds."

Appellee also testified:

"Q. I want you to state when the question of desertion took place, giving the Court the dates and put in your own words. You set out in your bill your desertion had been more than a year, When did it start?

"A. It started about November, 1933.

"Q. Where did you live from November, 1933, until some other period?

"A. During the winter of 1933-1934 from about November of 1933 to the spring of 1934 that is the time I went to the Hospital at Bay Pines on May 2nd, I lived in room 6 of the Albemarle Hotel.

"Q. With Mrs. Coslick or separate from her?

"A. Separate. She told me to get out of her room, she wanted me to get out altogether.

"Q. To get out of the hotel altogether?

"A. Yes, but I didn't do it. She said for me to get out of the hotel entirely and leave as I was not wanted around there and I said I didn't think so, there must be a place in the hotel for me, and she said you cannot come in my room and so I went in Room 6.

"Q. From November, 1933, until you went to the hospital?

"A. Yes.

"And from May, 1934, you have been at the hospital?

"A. I was at Bay Pines continuously without a break from May 2nd, 1934, to last month, no, this month, the sixth of this month."

The testimony of Mrs. Coslick is also pertinent on this issue:

"A. He was there until May as he said, it is true, but on the 12th day of January was my birthday and *that was. the time we separated.* Shall. I tell how?

"Q. Was that 1934 or 1935?

"A. 1934; 1935 he was not there; it was not as he stated."

She then testified that her husband became enraged at her and ordered her out of the room on January 12, 1934, and that she went through the bath room and locked the door in her office bed room and gave him the bath and room. She further testified:

"Q.  I ask you then, he has not lived with you since 1933, October or November, is that right?

"A.  Yes, it is January, 1934, when he told me if I didn't clear out he would.

"Q.  That is right, hasn't lived with you since about that time?

"A.  Since January 12, 1934."

In speaking of this period of time between January 12, 1934, and May 2, 1934, when Mr. Coslick went to the hospital, the Appellant, Mrs. Coslick, testified: "He never said any word to me in all these months, nothing was said, he sulked in and out of the house."

As before stated the bill of complaint was filed April 2, 1935.  Thus the testimony shows that Mr. and Mrs. Coslick separated and ceased living together as man and wife not later than January 12, 1934, which was more than a year before the bill of complaint was filed, even though both of the parties continued to live in the hotel, which they had been operating, until Mr. Coslick went to the Government Hospital at Bay Pines for treatment on May 2, 1934.

The testimony is conflicting as to which of the parties deserted the other, and the Chancellor, by granting the decree of divorce, found for Plaintiff Husband.  The findings of the Chancellor on a question of fact will not be reversed unless shown to be clearly erroneous.

The Chancellor struck the words "on the grounds of desertion" from the prepared decree, leaving "That the equities of said cause are with the Plaintiff and against the Defendant, and it is proper that a decree of divorce be awarded to the Plaintiff."  This does not indicate that the Chancellor did not award the decree of divorce on the ground of desertion, as is contended by Appellant.  There is no rule of law requiring the Chancellor to specify upon what ground his decree is based.

No reversible errors have been made to appear by the Petition and, as there is ample evidence to sustain the findings of the Chancellor, the Petition is accordingly denied.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.