**EVELYN P. BAGWELL v. J. C. BAGWELL, JR.**

14 So. (2nd) 841

August 3, 1943

Rehearing Denied September 13, 1943

June Term, 1943

Division A

*John I. Kelley, Keen & Allen* and *A. Frank O'Kelley, Jr.,* for appellant.

*B. K. Roberts, W. K. Whitfield* and *Talbot Whitfield,* for appellee.

PER CURIAM:

J. C. Bagwell, Jr., by bill of complaint filed in the Circuit Court of Leon County, Florida, on April 4, 1941, against Evelyn P. Bagwell, prayed for a divorce on grounds: (a) extreme cruelty by the wife against the husband; and (b) the habitual indulgence by the wife of a violent and ungovernable temper. On September 13, 1941, pursuant to stipulation, counsel filed an amendment to the original bill in which he charged the wife with the additional statutory ground of willful, obstinate and continuous desertion by the defendant of the plaintiff for a period of one year.

The grounds for divorce, as alleged in the bill of complaint and amendment thereto, were by appropriate allegations of an answer filed by the defendant, each specifically denied. The answer interposed a further defense as a bar to the relief sought to the effect that J. C. Bagwell, Jr., filed suit against the defendant in the Superior Court of Fulton County, Georgia, in which he charged the answering defendant with cruel treatment. The wife by answer denied the allegations of the petition filed in the Fulton County Court and, after the issues were settled, and on December 9, 1940, the tendered issues were submitted to a jury and evidence adduced by the parties in support thereof, and, after considering all the evidence and the charge of the Court upon the law, the jury

returned into court and rendered a verdict in behalf of the wife against the husband, J. C. Bagwell, Jr. An appropriate judgment was entered thereon and it is contended that the legal effect of the verdict and judgment so rendered and entered makes the ground of cruel treatment by the wife against the husband, as alleged in the bill of complaint, matters *res adjudicata,* and J. C. Bagwell, Jr., is estopped as a matter of law from litigating in the suit at bar the issues placed at rest by the judgment entered in the Superior Court of Fulton County, Georgia.

Cruel treatment, under Section 2946 of the 1926 Georgia Code, may be a ground for total divorce, in the discretion of the jury. It has many counterparts in our ground of extreme cruelty recognized as a ground for divorce. See Subsection (4) of Section 65.04, Fla. Stats. 1941. In the case of Wilkinson v. Wilkinson, 159 Ga. 332, 125 S. E. 856, cruel treatment was defined as a wilful infliction of pain, bodily and mentally, upon the complaining party, such as reasonably justifies an apprehension of danger to life, limb or health. In the case of Henderson v. Henderson, 137 Fla. 770, 189 So. 24, this Court held that extreme cruelty as a ground for divorce is not confined to physical violence, but includes such conduct as produces continuous, intense mental pain and suffering, dangerous to health and the current health of the party against whom the misconduct is directed.

The record discloses that the parties were heard by the Superior Court of Fulton County, and after submitting the issues to a jury, received a verdict and entered a judgment, and we therefore conclude that the cruel treatment provided for in the Georgia Code, *supra,* and the extreme cruelty recognized by the Florida Laws as ground for divorce are similar, and that the record of judicial proceedings of the Superior Court of Fulton County, Georgia, dated December 9, 1940, introduced in the case at bar, recognized by Section 1 of Article IV of the Federal Constitution, shall and must be recognized by the Courts of Florida and given or awarded full faith and credit. See Herron v. Passailaigue, 92 Fla. 818, 110 So. 539; Beckwith v. Bailey, 119 Fla. 316, 161 So. 576; Givens v. Givens, 121 Fla. 270, 163 So. 574; Thompson

v. Thompson, 226 U. S. 551, 33 Sup. Ct. 129, 57 L. Ed. 347; Williams v. North Carolina, 317 U.S. 287, 63 Sup. Ct. 207, 87 L. Ed. 279.

The chancellor, when considering the cause on its merits and in the entry of the final decree, failed and otherwise omitted to state or recite therein the exact ground or grounds upon which he granted the divorce, although the bill of complaint charged: (1) extreme cruelty; (2) an ungovernable temper; and (3) desertion for a period of more than one year. It cannot be successfully contended on appeal here that the failure of the decree to recite the exact ground or grounds upon which the divorce was granted was error. See Coslick v. Coslick, 133 Fla. 698, 182 So. 835.

Appellant contends (1) that the evidence fails to establish obstinate, wilfull and continued desertion by the appellant of the appellee for a period of one year, as required by the statute; (2) that the evidence appearing in the record establishing or tending to establish extreme cruelty by the appellant toward the appellee is now *res adjudicata;* and (3) that the evidence adduced is legally insufficient to establish habitual indulgence by the appellant of a violent and ungovernable temper. Our study and consideration of all the testimony convinces us that plaintiff below failed to adduce sufficient testimony to establish wilful, obstinate and continuous desertion for a period of one year.

The answer of the defendant below denied the allegations of the bill of complaint and amendment. Attached to the answer were copies of the pleadings of the parties filed in the cause previously pending in the Superior Court of Fulton County, Georgia. Copies of the verdict and judgment appear in the transcript. The burden of proof to establish a former adjudication, by law, was cast on the defendant below. The test of the identity of the causes of action, for the purpose of determining the question of *res adjudicata,* is the identity of the *facts* essential to the maintenance of the actions. It is the essence of estoppel by judgment that it be made certain that the precise facts were determined by the former judgment. If there is any uncertainty to the matter formerly adjudicated, the burden of showing it with sufficient certainty

by the record or extrinsically is upon the party who claims the benefit of the former judgment. See Prall v. Prall, 58 Fla. 496, 50 So. 867, 26 L.R.A. (N.S.) 577; Gray v. Gray, 91 Fla. 103, 107 So. 261; City of Miami Beach v. Miami Beach Improvement Co., 153 Fla. 107, 14 So. (2nd) 172, 30 Am. Jur. 998-1001, pars. 284-5.

The case at bar is a second suit between the same parties and predicated not only on the ground of extreme cruelty (cruel treatment), but the additional statutory grounds of habitual indulgences of an ungovernable temper and desertion. The judgment entered in the Superior Court of Fulton County, Georgia, against the appellee (J. C. Bagwell, Jr.) and in favor of the appellant, operates as an estoppel in the second suit *only* as to every point and question that was actually litigated and determined in the Superior Court of Fulton County, and the judgment of the Superior Court of Fulton County is not conclusive as to other matters that might have been, but were not, litigated or decided. See Prall v. Prall, *supra.*

The rule enunciated in Prall v. Prall, *supra,* placed the burden of proof on the appellant (defendant below) of establishing, for the purpose of determining the question of *res adjudicata,* that the precise facts offered by the plaintiff below were heard and determined by the Superior Court of Fulton County, Georgia. Our study of the testimony discloses that only some three or four witnesses appeared and testified in the Superior Court of Fulton County, but a transcript of the testimony so given does not appear in the record. It was, no doubt, the view of the chancellor below that the appellant failed to carry the burden of proof required by law and for this reason entered the decree here assailed. If substantial evidence appears in the record to support the challenged decree, this Court on appeal will not interfere.

The rights of the parties litigant, as reflected by the record, were marshaled and ably presented by counsel to the chancellor. Careful consideration has not only been given to the entire record on this appeal, but to the contentions of counsel as made orally at the bar of this Court and in the briefs filed. On appeal here a presumption of law exists that

the decree as entered by the chancellor was correct and the burden of showing error on appeal is by law placed on the appellant. We fail to find error in the record and accordingly the decree appealed from is hereby affirmed.

It is so ordered.

BUFORD, C. J., TERRELL, CHAPMAN and ADAMS, JJ., concur.