KANNER, Chief Judge.
Final decree of divorce was entered in favor of the appellee husband with the court finding that the appellant wife had been guilty of adultery. The appeal is from this determination, the basis therefor being that in a prior action by the appellant the adultery offense had been adjudicated. The appellee will be referred to as the husband, and the appellant, the wife.
This was a divorce action filed by the husband on the grounds of extreme cruelty and adultery. The wife interposed an answer denying the acts alleged and raised the defense of res judicata as to the extreme cruelty and adultery charges. The res judicata defense was upheld as to the extreme cruelty ground. The basis for the res judicata defense as to adultery was that, in a previous separate maintenance action brought by the wife with the husband counterclaiming for divorce upon the ground of extreme cruelty, the husband had offered testimony concerning the act of adultery charged in the present case. In the separate maintenance action the husband had not plead adultery as a defense nor as a ground for divorce, nor was there any amendment to conform to the evidence, but he had specifically sought divorce upon the ground of extreme cruelty. The wife interposed motion to strike the adultery testimony offered in the separate maintenance action. The court withheld ruling and it does not appear that ruling was ever made.
The court in the separate maintenance action found for the wife and against the husband, making this specific finding:
“That the plaintiff has sustained the material allegations of her Complaint and the defendant has failed to sustain the material allegations of his Counterclaim.”
In the instant case, the court by its pretrial order found:
“Upon consideration of the pleadings, Defendant urged and orally moved the Court to strike from Plaintiff’s Complaint the allegations of adultery on the part of Defendant, for that such charge was heard and tried in an earlier proceeding between the parties and thus became barred according to the principles of res judicata and/or estoppel by judgment, all as more particularly appears in Defendant’s Answer. The Court having examined the record of the earlier proceeding, namely Shirley v. Shirley, Chancery No. 21493, Broward County, Florida, same consisting of the pleadings, only, finds that adultery was not alleged by Defendant as a defense or a part of his counterclaim, nor does it appear in any part of the record. The ground of adultery then is not barred in the pending cause.”
And by its final decree found:
“The matter of Defendant’s adultery was neither adjudicated nor was it required that same be adjudicated in the case of Shirley v. Shirley, Chancery No. 21493, Broward County, Florida, and, therefore, that cause is not a bar to this proceeding.”
The doctrines of res judicata and estoppel by judgment have been clearly differentiated in a number of Florida cases. In the case of Gordon v. Gordon, Fla.1952, *452 59 So.2d 40, 44, the Supreme Court thus drew the distinction:
“The difference which we consider exists between res adjudicata and es-toppel by judgment is that under res adjudicata a final decree or judgment bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised, while the principle of estoppel by judgment is applicable where the two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issues—that is to say points and questions—common to both causes of action and which were actually adjudicated in the prior litigation.”
And further in the same case it is stated:
“In our opinion in the Bagwell case, Bagwell v. Bagwell (153 Fla. 471, 14 So.2d [841], 843,) we properly applied the principle of estoppel by judgment and we said ‘It is the essence of estop-pel by judgment that it be made certain that the precise facts were determined by the former judgment.’ (Italics supplied.) By the expression ‘precise facts’ we intended the same connotation as though we had used the words ‘all points and questions.’ In connection with res adjudicata we stated in Bagwell v. Bagwell, supra, ‘The test of the identity of the causes of action, for the purpose of determining the question of res adjudicata, is the identity of the facts essential to the maintenance of the actions.’ (Italics supplied.)”
See also Horn v. Horn, Fla.1956, 85 So.2d 860.
One who invokes and relies on a defense that a former adjudication was res judicata by issues raised has the burden of proof to establish the former adjudication.
“If there is any uncertainty to the matter formerly adjudicated, the burden of showing it with sufficient certainty by the record or extrinsically is upon the party who claims the benefit of the former judgment.” Coleman v. Coleman, 1946, 157 Fla. 515, 26 So.2d 445, 448.
The record affirmatively shows that no charge of adultery was plead by the husband in the separate maintenance action, that the chancellor in that case specifically found that the husband had not sustained the allegations of his counterclaim which dealt solely with the charge of extreme cruelty. Nor can it be gleaned that the court considered the adultery testimony, let alone determined it. The charge of adultery upon which the instant case is predicated is altogether a different cause of action, and the record does not reveal that it was actually litigated and determined in the separate maintenance action.
Appellant also urges that rule 1.11 (h) relating to waiver of defenses, rule 1.13 (1) on compulsory counterclaim, and rule I.15(b) on amendments to conform with the evidence, Florida Rules of Civil Procedure, 30 F.S.A., operated as a bar to the adultery charge. No discussion is required as to this phase because the rules relating to waiver of defenses and compulsory counterclaim are not applicable to the instant situation, nor is there any basis here to apply the rule on amendments to conform with the evidence.
Under the facts of this case and the authorities cited, the chancellor did not err in permitting the case to be tried on the charge of adultery. It may be stated that there is no contention made that the evidence did not sustain the charge.
The judgment is affirmed.
ALLEN, J., and SMITH, CULVER, A. J., concur.