111 So.2d 486 (1959)
Morris S. STONE, Appellant,
v.
Evelyn L. STONE, Appellee.
Evelyn L. STONE, Appellant,
v.
Morris S. STONE, Appellee.
Nos. 58-158, 58-185.
District Court of Appeal of Florida. Third District.
April 28, 1959.
*488 Miller & Miller and Armand J. Brissette, Jr., Miami, for appellant and cross-appellee.
Dixon, DeJarnette, Bradford & Williams and Joseph F. Jennings, Miami, for appellee and cross-appellant.
CARROLL, CHAS., Chief Judge.
The appellant Morris S. Stone sued his wife, the appellee Evelyn L. Stone, for divorce in the circuit court in Dade County, charging two grounds: habitual indulgence in violent and ungovernable temper, and desertion. She counterclaimed for separate maintenance, charging desertion. From a decree denying to each the relief sought, both have appealed.
Earlier, while residing in Ohio, Morris had sued Evelyn for divorce on the ground of cruelty. She filed a cross-claim there, charging Morris with desertion, and seeking separate maintenance. Thus, the issues made and tried in the Ohio case were based on the charge of cruelty made by Morris, and the charge of desertion asserted by Evelyn. The Ohio court, after trial, held that the parties had not proved their charges, and denied relief to both. That much appears in the record here. The Ohio testimony is not revealed.
In his complaint in the Florida suit Morris did not repeat his charge of cruelty, but sued on and added the separate grounds of habitual indulgence in violent and ungovernable temper and desertion. Evelyn filed an answer and a counterclaim, again charging Morris with desertion and seeking separate maintenance as she had done in the prior Ohio suit.[1] Morris filed motions to strike and to dismiss the counterclaim. On Evelyn's motion, the chancellor granted a summary final decree in her favor against Morris in his divorce suit; denied the motions to strike and dismiss Evelyn's counterclaim; but denied her any relief thereunder, except attorney fees and suit money.
As a basis for the ruling on the divorce suit, the summary final decree set out the following:
"* * * the Court having considered the pleadings, depositions, heard the arguments of counsel and been advised in the premises,
"Finds that it clearly appears to the Court that the issues raised in this case were previously litigated or could have been litigated by the same parties in a similar cause tried by the Court of Common Pleas, Cuyahoga County, Ohio [see 98 Ohio App. 240, 122 N.E.2d 404], and that the plaintiff here is barred by the doctrines of res judicata and estoppel by judgment from maintaining this action. It further appears that the defendant has been put to the cost of defending this action and should be entitled to reimbursement *489 for her costs and attorneys' fees. There has been no showing made to entitle her to support and maintenance from this Court. * * *"
When one spouse sues for divorce on the ground of cruelty, an adverse decree in that suit will not be res judicata as to a different ground or grounds of divorce sued on in a later suit;[2] nor will the first decree operate to estop the later suit as to newly alleged grounds of divorce, unless the defendant can show with certainty that there were litigated and adjudicated in defendant's favor the precise factual issues necessary to establish the material elements of the new grounds of divorce.
As shown by Prall v. Prall, 58 Fla. 496, 50 So. 867, 870, 26 L.R.A.,N.S., 577, a determination of a cause of action charged in both suits "is conclusive in the second suit as to every question that was presented or might have been presented and determined in the first suit." But the Prall case also shows that as to other causes of action (habitual indulgence in violent and ungovernable temper and desertion) which were not involved in the first suit, the doctrine of res judicata is not applicable, and the first suit operates to bar the second, if at all, under the doctrine of estoppel by judgment, only "as to every point and question that was actually litigated and determined," and not as to "other matters that might have been, but were not, litigated or decided." After so holding in the Prall case, 50 So. at page 870, the Supreme Court continued:
"* * * The test of the identity of causes of action, for the purpose of determining the question of res adjudicata, is the identity of the facts essential to the maintenance of the actions. It is of the essence of estoppel by judgment that it be made certain that the precise facts were determined by the former judgment. If there is any uncertainty as to the matter formerly adjudicated, the burden of showing it with sufficient certainty by the record or extrinsically is upon the party who claims the benefit of the former judgment. * * *" [citing numerous authorities].
Therefore, the decree in the first suit cannot be conclusive as to the different causes of action in the second suit, on matters which might have been, but were not litigated and decided. Prall v. Prall, supra Bagwell v. Bagwell, 153 Fla. 471, 14 So.2d 841; Coleman v. Coleman, 157 Fla. 515, 26 So.2d 445; Gordon v. Gordon, Fla. 1952, 59 So.2d 40. See Roy v. Roy, Fla. 1954, 73 So.2d 294; Horn v. Horn, Fla. 1956, 85 So.2d 860; Shirley v. Shirley, Fla.App. 1958, 100 So.2d 450; Restatement, Judgments, § 74, comment d.
In this case, in applying estoppel by judgment, the chancellor used the res judicata rule which is applicable only when the causes of action are the same in both suits, and which is not applicable to causes of action which are different in the two suits, as they are here. In determining estoppel by judgment it was not enough for the defendant to show, or for the court to find, that the issues raised in this case could have been litigated and decided in the Ohio case. The burden was upon the defendant to show that the facts necessary to prove the new and added causes of action in the Florida case were actually presented in the Ohio case, and the question of whether that had been done in the Ohio case became an issue in the Florida divorce suit.
The evidentiary matter before the court did not settle that issue. The depositions *490 of a number of Ohio witnesses taken by the plaintiff, intended for use as evidence on plaintiff's behalf to support the several grounds of divorce alleged in the Florida case, did not determine the question of what evidence was presented in the Ohio case. Those witnesses did not testify in the earlier case. The fact that they could have or would have given their testimony in the Ohio case, if they had been called upon or subpoenaed there is of no help to the defendant here in urging the defense of estoppel by judgment.
Defendant could have met the burden to "show with sufficient certainty" the matters which were actually litigated and determined in the first suit, by producing the record evidence of that suit, or by extrinsic proof. See Prall v. Prall, supra, 58 Fla. 496, 50 So. 867; Riehl v. Riehl, Fla. 1952, 60 So.2d 35.
In the present case no record of the evidence presented in the Ohio case was produced, and the only extrinsic proof as to that evidence consisted of two conflicting affidavits regarding the general nature of that matters submitted and relied on in Ohio  one by Morris' Ohio attorney, and one by Evelyn.
In the case of Coleman v. Coleman, 157 Fla. 515, 26 So.2d 445, 448, the grounds of cruelty and desertion were litigated between the parties in Ohio; and in a later case brought by the husband in Florida, he charged the wife with cruelty, desertion, and habitual indulgence in violent and ungovernable temper. The court in the Coleman case recognized and held that the Ohio case would be "res adjudicata as to the issues presented in that case" (cruelty and desertion), but not as to the cause of action later asserted in Florida (ungovernable temper). As to the latter the court placed the burden on the defendant to prove the issue as to what was actually litigated in Ohio, and held that the Ohio decree would affect the cause of action of ungovernable temper only by estoppel by judgment as to the precise facts that were determined in the former suit. In the Coleman case, 26 So.2d at pages 448-449, the Supreme Court said:
"The burden of proof to establish a former adjudication, by law, was on the defendant below. The test of the identity of the causes of action, for the purpose of determining the question of res adjudicata, is the identity of the facts essential to the maintenance of the actions. It is the essence of estoppel by judgment that it be made certain that the precise facts were determined by the former judgment. If there is any uncertainty to the matter formerly adjudicated, the burden of showing it with sufficient certainty by record or extrinsically is upon the party who claims the benefit of the former judgment. See Prall v. Prall, 58 Fla. 496, 50 So. 867, 26 L.R.A.,N.S., 577; Gray v. Gray, 91 Fla. 103, 107 So. 261; City of Miami Beach v. Miami Beach Improvement Co., 153 Fla. 107, 14 So.2d 172; Bagwell v. Bagwell, 153 Fla. 471, 14 So.2d 841. Our conclusion, based on the record, is that the question or charge of a violent and ungovernable temper was not an issue in the Ohio court  nor was it there adjudicated. The burden of establishing this precise fact under our adjudicated cases rested on the party claiming it viz, the defendant below.
"In many cases we have held  and it is established law  that if habitual indulgence in a violent and ungovernable temper is relied upon, it must be shown that the defendant's temper was displayed toward the plaintiff habitually so as to injuriously affect health, personal safety and comfort or to render life an oppressive and intolerable burden, making it impracticable to perform marital duties under such a burden. See Masilotti v. Masilotti, 150 Fla. 86, 7 So.2d 132, and similar cases."
The elements necessary to the ground of desertion, which include not only *491 a wrong in connection with the separation but its wilfulness and obstinate continuance for a year (65.04(7), Fla. Stat., F.S.A.), are not such as would be expected to have been covered by proofs submitted in Ohio incident to a charge of cruelty. The ground of habitual indulgence in violent and ungovernable temper is more akin to the ground of cruelty, but requires elements of proof beyond those needed ordinarily to establish cruelty. Thus, in Bagwell v. Bagwell, 153 Fla. 471, 14 So.2d 841, 843, the Supreme Court said:
"The case at bar is a second suit between the same parties and predicated not only on the ground of extreme cruelty (cruel treatment), but the additional statutory grounds of habitual indulgence of an ungovernable temper and desertion. The judgment entered in the Superior Court of Fulton County, Georgia, against the appellee (J.C. Bagwell, Jr.) and in favor of the appellant, operates as an estoppel in the second suit only as to every point and question that was actually litigated and determined in the Superior Court of Fulton County, and the judgment of the Superior Court of Fulton County is not conclusive as to other matters that might have been, but were not, litigated or decided. See Prall v. Prall, supra."
It was patent in this case on the record which was before the chancellor on defendant's motion for summary judgment that the defendant had not carried the burden of showing with sufficient certainty the matters and the extent of the matters which were actually litigated in the Ohio case, or that the matters adjudicated there furnished complete coverage and proofs as to the essential elements of the new causes of action of ungovernable temper and desertion asserted here by the husband, so as to bar them by estoppel by judgment. Moreover, as pointed out earlier in this opinion, it appears from the decree that the chancellor applied the wrong rule in holding that the new causes of action were barred by the Ohio decree.
For the reasons stated, the summary final decree for the defendant wife, in Morris' divorce suit (Case No. 58-158), is reversed, and the cause is remanded for further proceedings including trial of the issues raised under the defense of estoppel by judgment as to the grounds of divorce charged by Morris against Evelyn consisting of habitual indulgence in violent and ungovernable temper, and desertion.
The portion of the decree which, on final hearing, awarded attorney's fees and suit money to the defendant wife, and which was challenged by the husband on his appeal in Case No. 58-158, is affirmed, as are the rulings in the decree denying other relief to the defendant wife on her counterclaim, and which were the subject of her cross-appeal in Case No. 58-185.
Affirmed in part and reversed in part and remanded.
HORTON and PEARSON, JJ., concur.
NOTES
[1] The defendant wife first moved to dismiss the Florida complaint, asserting the Ohio decree as support for the motion. On an appeal from an order of dismissal we reversed, holding that the defense was not appropriate in the motion to dismiss, but should be raised in an answer. Stone v. Stone, Fla.App. 1957, 97 So.2d 352.
[2] Desertion was pleaded in the Ohio case by the wife on a cross-petition against the husband, and the decree there was in favor of the husband on that issue. That ruling is binding against the wife on her charge of desertion, but it would appear to aid rather than to bar the husband in his suit here as to the ground of desertion. See Anders v. Anders, 153 Fla. 54, 13 So.2d 603; Stanton v. Stanton, Fla. 1952, 60 So.2d 273.