**GEORGE E. RUSS v. MAUDE N. RUSS**

8 So. (2nd)) 279                                    Division B
May 26, 1942

654

Caldwell, Meginniss & Parker, for appellant.

Joseph A. Edmondson and J. Lewis Hall, for appellee.

TERRELL, J.:

This is an old fashioned divorce case with a modernistic aspect but devoid of any ninety day element. The complainant is in his eighties and the defendant in her sixties. They were married over forty years ago but he had been previously married and presented the bride four children from the former marriage. Four were born to this union, the ages of the eight ranging from 27 to 50 when the instant suit was instituted.

The bill of complaint prays for a divorce on the ground of extreme cruelty to complainant and the children of his former wife, frequent indulgence in a violent and ungovernable temper, that complainant is now old and feeble and that the attitude of defendant to him and the children of his first wife is seriously impairing his health.

Defendant filed her answer in which she denied every material allegation of the bill of complaint. She recriminates by charging neglect on the part of complainant, indignities to her on their honeymoon, cruel and inhuman treatment on the part of the step children to her and her children, drunkenness for

more than twenty years, association with lewd characters, failure to support and desertion since 1933.

Such were the issues on which the evidence was taken. Most of them appear to have been condoned but if any of them were not, the chancellor found that the evidence did not support them and we find no reason to reverse him. One spouse cannot be the aggressor in a domestic fracas, that is to say, harass, torment and humiliate the other until she boils over and retaliates in kind and then claim a divorce on the ground of extreme cruelty or frequent indulgence in a violent and ungovernable temper. When this is found to be the case, equity will hands off and leave them to their own devices.

Taking the record as a whole, we are persuaded that such a situation drove the chancellor to his conclusion. Much of the evidence has to do with circumstances that are too remote to have contributed to a divorce and if defendant's story is true, there is no basis on which it could be granted. It is one of those unfortunate cases in which years appear to have driven them apart and to have destroyed any prospect of reconciliation.

Affirmed.

BROWN, C. J., CHAPMAN and THOMAS, JJ., concur.