PER CURIAM.
John H. Carlson, plaintiff below, appeals from a decision in which the court below found that both the plaintiff and the defendant, Margie Carlson, were guilty as charged in the complaint and counterclaim and “adjudged and decreed that the respective prayers for divorce of both the plaintiff and defendant herein are hereby refused and denied.”
The attorney for the appellee has not favored this court with a brief so we have only the brief of the appellant in this case. This court has, however, studied the testimony adduced before the lower court and concludes that under the doctrine of recrimination there was sufficient evidence adduced to sustain the decree of the lower court in this case.
Direct testimony of the charges made by each of the parties against the other was lacking, but if the trial judge who heard the evidence below believed the testimony of the witnesses given before him, there was sufficient evidence to conclude that each of the parties was guilty of extreme cruelty. Therefore, the court, on the doctrine of recrimination, could deny a divorce to each of the parties.
 Recrimination is an outgrowth of the equity maxim that he who comes into equity must come with clean hands. As *341 stated by our Supreme Court in Russ v. Russ, 150 Fla. 653, 8 So.2d 279:
“Such were the issues on which the evidence was taken. Most of them appear to have been condoned but if any of them were not, the Chancellor found that the evidence did not support them and we find no reason to reverse him. One spouse cannot be the aggressor in a domestic fracas, that is to say, harass, torment and humiliate the other until she boils over and retaliates in kind and then claim a divorce on the ground of extreme cruelty or frequent indulgence in a violent and ungovernable temper. When this is found to be the case, equity will hands off and leave them to their own devices.”
See also Macfadden v. Macfadden, 157 Fla. 477, 26 So.2d 502; Stewart v. Stewart, 158 Fla. 326, 29 So.2d 247, 170 A.L.R. 1073.
Affirmed.
ALLEN, Acting C. J., and KANNER and SMITH, JJ., concur.