ABRAM PITEL, petitioner,

*v.*

ANNA PITEL.

[Submitted May 1st, 1919. Determined May 1st, 1919.]

1. Where a wife was not entitled to enforce support from her husband up to August, 1915, her bill for maintenance having been dismissed, on petition for alimony *pendente lite*, on the allegation that her husband deserted her in June, 1914, her husband's responsibility for her support is *res adjudicata* up to August, 1915.

2. Where a wife became an obstinate deserter in August, 1915, she is not entitled to an award of alimony *pendente lite* in the husband's suit for divorce on the ground of desertion.

3. In the husband's suit for divorce on the ground of desertion the denial in the wife's answer of continuous desertion for two years since a certain date, entitled the wife to an allowance of counsel fees to enable her to defend.

On petition for divorce. On hearing on petition of defendant for alimony *pendente lite*.

*Mr. Herbert C. Bartlett,* for the defendant-petitioner.

*Mr. Royal P. Tuller,* for Abram Pitel, petitioner.

LEAMING, V. C.

By the petition filed herein Abram Pitel seeks a divorce from his wife on the ground of statutory desertion. The desertion is

alleged to have occurred in August, 1915, and to have continued since that time.

Defendant by her answer denies any desertion on her part and by way of cross-petition seeks a divorce from the husband for desertion, alleging the desertion to have occurred June 5th, 1914, and to have continued since that time.

Petitioner, the husband, has answered the cross-petition denying the desertion therein alleged and setting forth that the issue raised by the cross-petition has been heretofore determined by this court in a suit in which defendant was complainant and the petitioner herein was defendant.

Cross-petitioner herein has now filed in this cause a petition for alimony *pendente lite*. In that petition, verified by her affidavit, she states that the charge of desertion made by her husband is untrue and that the truth is that her husband deserted her June 5th, 1914, and that his desertion has continued since that time; her petition for alimony further specifically sets forth certain abuse and neglect by her husband on and prior to June 5th, 1914.

The husband has answered the petition for alimony by a verified answer, setting forth that on August 8th, 1916, his wife filed in this court a bill of complaint against him for maintenance, which bill contained substantially the same averments made in her present petition for alimony *pendente lite*, and that he then answered the bill for maintenance by denials of the desertion therein alleged and by averments that his wife had deserted him; that the cause proceeded to final hearing and a final decree was entered therein in this court July 10th, 1917, dismissing his wife's bill, and that the decree of this court was thereafter affirmed by the court of errors and appeals. The affidavit and exhibits of that court record, which are annexed to the answer to the present petition for alimony, fully disclose that the issue then heard and disposed of by this court was whether the husband had at that time by his conduct brought himself within the provisions of the twenty-sixth section of our Divorce act by abandoning his wife or separating himself from her and refusing or neglecting to maintain and provide for her, and that to support the affirmative of that issue the wife relied upon substan-

tially the same averments which are now contained in her peti-
tion for alimony *pendente lite,* while in that suit the husband
denied those averments and also claimed successive efforts on his
part to induce his wife to live with him, which efforts had con-
tinued down to about the time at which the desertion of the wife
is now alleged in the husband's petition for divorce to have oc-
curred.    The exhibits annexed to the answer of the husband to
the wife's present petition for alimony also disclose · that these
issues were resolved by the court against the wife and that they
were so resolved especially because of the efforts of the husband
to induce his wife to live with him; the court specifically found
those efforts on the part of the husband to have been sincere on
his part and to have been improperly resisted upon the part of
the wife.    It is thus made to appear that the former litigation
arose from a separation of the parties which occurred June 5th,
1914 (the date the wife now alleges her husband deserted her),
and which separation was claimed by each party to have been the
fault of the other, and that the husband further defended upon
the further claim that since the separation and down to August,
1915 (the date he now alleges as the date of his wife's desertion),
he had made repeated efforts to induce his wife to live with him;
and that the court by findings of fact ascertained that the wife
had wrongfully refused to accede to her husband's efforts to in-
duce her to return to him, and, accordingly, dismissed her bill.

Upon this record it is clear that it must now be accepted as an
adjudicated fact between these parties that up to the date last
referred to the wife was not entitled to enforce support from her
husband.    That issue is clearly *res adjudicata. Smith* v. *Smith,*
*55 N. J. Eq. 223; Freund* v. *Freund, 71 N. J. Eq. 524; S. C. on
appeal, 72 N. J. Eq. 943; Lake* v. *Lake (Court of Chancery), 89
Atl. Rep. 534; Wilber* v. *Wilber (Court of Chancery), 90 N.
J. Eq.* 7.    It would also seem that at the final hearing of the
present suit the wife must be regarded as an obstinate deserter
of her husband on the date last named (August, 1915), since the
court then determined that on that date, and prior thereto, the
husband had in good faith endeavored to induce his wife to return
to him and that she had wrongfully refused to do so.    That ques-
tion, however, is not for final determination at this time.

The wife's petition for alimony *pendente lite* is wholly silent, touching any specific matters which may have transpired since that date; no averment is made by her showing any change of attitude on her part toward her husband, or on his part toward her, since that time.

In these circumstances I am clearly unable to award her alimony *pendente lite* in the present suit.

In the wife's answer to the petition for divorce she denies continuous desertion for two years since August, 1915. That denial alone, aside from her cross-petition, involves an investigation of the relations of the parties since that time and entitles the wife to an allowance to enable her to defend. I will, accordingly, allow her a counsel fee of $25.