[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 79 
Appeal brings for review final decree of divorce upon the sole ground that the defendant had obtained a divorce a mensaet thoro from the plaintiff in the State of New York on the 4th day of November, 1938.
The record shows that the divorce in New York was granted to the defendant in this case, the plaintiff in the New York court, because of cruel and inhuman treatment of the defendant to the plaintiff in that suit.
The record shows that the only evidence which was introduced was the testimony of the plaintiff and corroborating witnesses that he had resided in Dade County, Florida, for more than eight months continuously immediately preceding the filing of the bill of divorce and a certified copy of the decree of divorce a mensa et thoro of the New York Court. A copy of the decree of the New York court was attached to and made a part of the bill of complaint.
The defendant filed answer and counterclaim.
Plaintiff replied to the counterclaim, attaching and making a part thereof copies of parts of the record in the proceedings in the New York court.
Defendant then filed, with leave of court, an amendment to her answer in which she denied that the plaintiff is entitled to divorce because of the decree of divorce a mensa et thoro
procured by her in the *Page 80 
Supreme Court of New York County, State of New York, and in which she challenged the constitutionality of Subparagraph 8 of Section 3191, R. G. S., 4985 C. G. L., which is: "That the defendant has obtained a divorce from the complainant in any other State or County," upon the ground that such provision of the statute is void because it offends Section 1, Article IV of the Constitution of the United States in that it denies full faith and credit to the laws and judicial proceedings of the State of New York and offends Section 1 of Article XIV of the Amendments to the Constitution of the United States and that it offends Section 12 of the Declaration of Rights of the Constitution of Florida.
As we construe the provisions of the statute, supra, it does not offend either of the constitutional provisions referred to. This statutory provision only provides a ground upon which divorce may be granted but it does not make it mandatory upon the courts of Florida to grant a divorce in all cases in which it may appear that the defendant named in the suit has procured a divorce of any sort from the plaintiff in that suit in a State other than the State of Florida.
The same legal principles and equitable doctrines should be applied in cases where the procuring of a divorce by the defendant in another State is alleged as the ground for relief as would be applied in a like suit alleging any of the other statutory grounds for divorce.
Appellee relies upon our opinion and judgment in the case of Givens v. Givens, 121 Fla. 270, 163 So. 574, which was accepted as authority by the chancellor for the entry of the decree. In that case we said:
"In Virginia the effect of a divorce a mensa et thoro *Page 81 
where there is a decree for a perpetual separation of the parties, is thus stated: 'Such decree of perpetual separation is expressly declared by statute to operate upon the personal rights and legal capacities of the parties as a decree of divorce a vinculo matrimonii except that neither party can marry again during the life of the other. Code 1873, c. 105, No. 13.' 1 Minor Inst. 275, Section 13, c. 105, is the same as Section 2264 of the Code, supra. Mr. Conway Robinson in the second volume of his Old Practice, speaking of this statute, says: 'A decree of perpetual separation from bed and board shall have the same effect upon the rights of property which either party may acquire after the decree, and upon the personal rights which either party may enjoy after such decree, as a divorce a vinculo matrimonii would have, save only that no such decree of separation from bed and board shall authorize either party to marry again during the lifetime of the other.'
"So we have a judicial determination of the highest judicial tribunal in the State of Virginia as to the force and effect of a divorce a mensa et thoro.
"In 19 C. J. 18, the writer says:
" 'A judicial divorce is one granted by the sentence of a court of justice pursuant to general law. A confirmation or ratification of the divorce by the Legislature may be required by the Constitution. It may be either absolute or limited. An absolute divorce or a divorce a vinculo matrimonii is one which terminates the marriage relation. A limited divorce or divorcea mensa et thoro is one which suspends the marriage relation and modifies its duties and obligations, leaving the bond in full force; and is sometimes called a "judicial separation" leaving the term "divorce" to *Page 82 
include the absolute dissolution of a marriage. Prior to the enactment of "The Matrimonial Causes Act" in England, a divorcea mensa et thoro was the only divorce known to the ecclesiastical law, and in South Carolina the courts have no power to grant any divorce other than one a mensa et thoro. In most of the States limited divorces are discouraged, although the power of the courts to grant them is generally recognized; and where plaintiff seeks only a limited divorce, the court has power to grant it even in cases where it is found that all the grounds for an absolute divorce exist.' "
And we held, upon the factual conditions shown in that case:
"We further hold that as paragraph 8 of Section 3191 R. G. S., 4983 C. G. L., prescribes the obtaining of a divorce from the complainant in any other State or country is a ground of divorce without excluding a divorce a mensa et thoro as such ground that this section of the statute applies to divorce amensa et thoro as well as divorce a vinculo matrimonii."
In the instant case, however, we have a different condition and different facts.
The New York decree is:
"Present:
 "HON. CHARLES B. Mc LAUGHLIN, "Justice.
"__________________________________________x
"FENTON C. MACLAY, "Plaintiff.
"Against
"ROBERT MUIR MACLAY, "JUDGMENT OF "Defendant. SEPARATION
"__________________________________________x *Page 83 
"The above entitled action having been duly brought to trial at Special Term, Part 111, by the plaintiff for a judgment of separation in favor of the plaintiff and against the defendant upon the ground of cruel and inhuman treatment of the defendant at the time or times, and place or places set forth in the complaint herein; the cause having been duly called on the Calendar at Special Term, Part 111 of this Court before Hon. Charles B. McLaughlin, one of the justices of this Court, on the 13th day of October, 1938; and the defendant not appearing on said trial, and the plaintiff by her attorney having appeared and presented her verified complaint, written and oral proof, sustaining the allegations set forth in the complaint, and the Court having heard and considered the proofs, and having made a decision in writing separately stating the facts found and the conclusions of law, deciding that plaintiff is entitled to a judgment against the defendant separating her from the bed and board of the defendant because of the cruel and inhuman treatment of the defendant;
"Now, on application of Walton, Bannister Stitt, attorneys for the plaintiff, it is
"ORDERED, ADJUDGED AND DECREED THE plaintiff and defendant be and hereby are separated from bed and board forever.
"ORDERED, ADJUDGED AND DECREED that plaintiff, upon notice, may make application at any time for permanent alimony."
This decree has no such effect on the rights and relations of the parties as had the Virginia decree on the parties involved in that case.
Under the conditions existing in this case the wife *Page 84 
may move for modification of the alimony decree. She has neither lost not forfeited her right to participate in the distribution of her husband's property should he predecease her. See Cahill's Consolidated Laws of New York — Decedent Estate Law, Sections 18-82 and 87.
The New York decree relied on here is no more than would be a separate maintenance decree in Florida.
It also appears that a judgment or decree of this sort may be revoked upon joint application of the parties to the court which rendered the decree. See Schuler, Marriage, Divorce, Separation and Domestic Relations, 6th Ed., Vol. 3, Sec. 1767.
The effect of the New York decree is to judicially recognize the right of the wife to live separate and apart from the husband because of his ill treatment of her, and to have him provide her with reasonable requirements for support because of the continuing marital relation.
Therefore, although we give full faith and credit to the decree of the New York Court presented here, we hold that that decree does not constitute a decree of divorce within the contemplation of our statute, supra. It does follow, however, that when we give full faith and credit to that decree we also must give full faith and credit to the entire adjudication. We find it adjudicated there that the defendant in that court, plaintiff here, was guilty of wrong doing and that the decree, such as it is, was granted because of his cruel and inhuman treatment toward the plaintiff there, the defendant here.
It appears that the New York Court had jurisdiction of the parties, and therefore, when the decree was *Page 85 
entered in New York it became res adjudicata as to the issues presented in that case.
In the instant case the plaintiff made other charges against the defendant, many of which involve the conduct alleged to have occurred subsequent to the entry of the New York decree. What may have transpired or what act may have been committed by either party since that time are open to investigation because the marital status still exists and if either party has done something since then which constitutes a ground for divorce, the other party is entitled to have the benefit of it.
It may be assumed from the condition of the record that the plaintiff in the court below, relying upon what he assumed to be the proper construction and effect of Paragraph 8 of Section 4983, supra, made no effort to prove the allegations of extreme cruelty by defendant to complainant in his bill of complaint to have occurred subsequent to the New York decree, supra.
For the reasons stated, the decree is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed, including the privilege to either party to apply to the court below for an order fixing the time in which to take further testimony, if either should be so advised, as to issues presented by the pleadings which have not been determined by the chancellor.
It is so ordered.
 BROWN, C. J., TERRELL, CHAPMAN and THOMAS, J. J., concur. *Page 86