**NANCY TINDELL KEENER, v. HORACE H. KEENER**

11 So. (2nd) 180 June Term, 1942
December 1, 1942 En Banc

*Joe S. Clark* and *L. D. Martin,* for plaintiff.

*B. M. Skelton,* for defendant.

TERRELL, J.:

Horace H. Keener and Nancy Tindell Keener were married in Kentucky in 1923. They were divorced in North Carolina in 1936 at the instance of Horace H. Keener. Both subsequently moved to Florida and in May, 1941, Nancy Tindell Keener filed her bill of complaint praying that she be divorced from Horace Keener, that suitable alimony be awarded her over and above that awarded for support of the two children that were the product of their union. Answer was duly filed and the issues in the cause have been made up.

The prayer for divorce was predicated on the ground recited in paragraph eight, Section 65.04 Florida Statutes 1941, as follows: "that the defendant has obtained a divorce from complainant in any other state or county."

Under Rule 38 of the Rules of this Court, the chancellor has certified four questions for our consideration. In Schwob Company of Florida v. Florida Industrial Commission, decided August 4, 1942, this Court defined the scope of Rule 38 and by the test there prescribed, only one of the questions cerified is within the contemplation of the rule, viz: May the planitiff in this case be granted a divorce from the defendant on the ground that he (defendant) had secured a divorce from the complainant in another state?

We have not before been called on to define the scope of the statute brought in question though it was before us in Givens v. Givens, 121 Fla. 270, 163 So. 574; McGowin v. Mc-Gowin, 131 Fla. 247, 173 So. 927; and Maclay v. Maclay, 147 Fla. 77, 2 So. (2nd) 361. A literal interpretation might require a pronouncement to the effect that when an absolute divorce is granted to a complainant in another state and the defendant in that case becomes the complainant in a divorce suit brought in this State against the complainant in the former suit, the complainant here would be entitled to prevail.

We do not think such an interpretation comports with reason and justice. It would sanction the relitigation of divorce proceedings long settled by final decrees of courts of competent jurisdiction; it would permit one to be harrassed for suit money in more than one State; there would be no end to divorce litigation; and the full faith and credit clause of the Federal Constitution (Section One, Article Four, Constitution of the United States) would for that case be set at naught.

If the foreign divorce is valid in the State where secured, it will be recognized under the full faith and credit provision of the Federal Constitution and may not be basis for divorce in this State. If on the other hand, jurisdiction of the defendant was not acquired or the divorce is not effective as to both parties or is for other reasons invalid, then a complainant here would not be bound by it and would be in position to invoke the provisions of the statute in question to be relieved from it. O. B. Williams and Lillie Shaver Hendricks v. State of North Carolina, decided by the Supreme Court of the United States December 21, 1942. The validity of the North Carolina divorce is not questioned here.

Other questions propounded have reference to support for the minor children and are not within the scope of Rule 38. The law on that point is settled in State, ex rel. Airston v. Bollinger, et al., 88 Fla. 123, 101 So. 282, and like cases.

It follows that question one requires a negative answer.

WHITFIELD, BUFORD, CHAPMAN, THOMAS and ADAMS, JJ., concur.

BROWN, C. J., dissents.