THORNAL, Justice.
Appellant, Frank Straughter, who was plaintiff below, seeks reversal of a final decree of the Chancellor denying the prayer of a complaint for divorce from the appellee Irene Roberts Straughter, who was defendant below.
The sole issue before us is the correctness of the ruling of the Chancellor who found that the appellant had failed to sustain the allegations of his complaint by a preponderance of the evidence.
The record shows that the parties were married on or about April 27, 1932. They lived together in relative harmony until the latter part of May, 1932. At that time appellant claims that appellee assaulted him, whereas appellee claims that appellant as *500 saulted her. The testimony of neither is corroborated on this point. After the altercation, appellant testified that he arranged to move appellee’s personal belongings to a small house near his own home, and thereafter he and his children by a former marriage lived to themselves in his family residence. Appellant sought divorce from1 appellee on the ground of extreme cruelty and habitual indulgence in violent and ungovernable temper. There is some indication that the parties resumed their marital relationship until about4 August, 1932. Since that time they have not resided together as husband and wife. The testimony to support the complaint is exceedingly meager and except on the broad proposition that the parties did not get .along well together, there is no genuine corroboration of the contentions of the appellant. On the specific grounds for divorce alleged, the record merely shows that the appellant himself asserts certain facts and the appellee with equal positiveness denies them and contends that appellant was the cause of the separation.
The Chancellor heard all of the testimony himself. He had an opportunity, to' view the witnesses as they testified and to evaluate the relative weight that should be accorded the credibility of the testifying parties. At the conclusion of the hearing ,the Chancellor observed that “I think these parties ought to be divorced and I wish the law were so as to authorize the granting of a divorce but because of the law as I see it, in my findings, I. can’t grant a divorce.” The Chancellor then found that the husband had not proved by a preponderance of the evidence that the wife had been guilty of any conduct warranting the granting of a divorce and thereupon denied the divorce. At the same time he denied alimony and attorneys’ fees to the wife because of her obvious ability to provide for' herself and pay her own attorneys.
In arriving at our conclusion we do not overlook the fact that the parties have been separated for well over 20 years. The appellant is 66 years of age and the appellee is 54. We realize that there are those who might agree with counsel for the appellant as he asserts in his brief that this appeal presents “a question of practicability and whether a reasonable and logical conclusion on all of the facts in the case and the position of the parties justify the granting of a divorce.” At the same time we must remain conscious of the established law and policy that the State is a silent third party to every divorce proceeding.
We have consistently held that the marriage relationship should not be dissolved except upon certain stipulated statutory grounds which must be supported by adequate proof. Decisions in such cases cannot be grounded upon the view of a court as to what might be practicable but rather upon compliance with the requirements of orderly processes which demand the existence of a statutory ground and proof thereof by a preponderance of the evidence. The law requires this for the simple reason that the dissolution of marital ties is not to be taken lightly and the authority of the courts is limited by the showing made by the parties in the particular case.
 In the case before us we are not authorized to inject into the problem our view as to what might be practicable. We are bound in our consideration of the. rights of the parties by the showing that they have made on the record. On this basis we are compelled to conclude that the Chancellor ruled correctly in finding that the appellant has failed to establish the allegations of his complaint by a preponderance of the evidence. This was the appellant’s burden and having failed to carry it,, there was no alternative to a dismissal of his complaint.
We have examined the final decree in the light of the record and. conclude that no error was committed in the entry thereof and it, therefore, must be affirmed.
Affirmed.
DREW, C. J., and TERRELL and HOBSON, JJ., concur.