91 So.2d 640 (1956)
Florence Dills FIELD, Appellant,
v.
George C. FIELD, Jr., Appellee.
Supreme Court of Florida. Special Division A.
July 6, 1956.
Rehearing Denied December 12, 1956.
*641 Paul & Sams, Miami, for appellant.
Samuel D. Wallace and Redfearn & Ferrell, Miami, for appellee.
HOBSON, Justice.
In a previous appeal in this litigation, Field v. Field, Fla., 68 So.2d 376. we affirmed the dismissal on the merits, by the chancellor below, of a prior divorce suit filed by the husband, George Field, against his wife, Florence Field. The husband filed a subsequent suit for divorce and in a final decree now appealed from by the wife, the divorce was granted.
The main question we must resolve on this appeal is whether or not the chancellor should have accorded full faith and credit to a separate maintenance decree entered in the wife's favor by the Superior Court of New Jersey, Chancery Division, and affirmed by the Appellate Division of that court in Field v. Field, 1954, 31 N.J. Super. 139, 105 A.2d 863.
The New Jersey final decree is a conclusive adjudication that the husband, and not the wife, was at fault in the separation of the parties which occurred in February, 1951. The New Jersey court found that "the defendant [husband] without any justifiable cause has abandoned and does abandon the plaintiff [wife] and has separated and does separate himself from her, and has refused and neglected, and does refuse and neglect to provide for her". This judgment was attacked by the husband in the Superior Court of New Jersey, Chancery Division, by petition to vacate and was appealed by him to the Superior Court of New Jersey, Appellate Division, where it was affirmed. As the New Jersey court found, Field v. Field, supra, 105 A.2d 863, the husband subjected himself to the jurisdiction of the New Jersey court and is bound by the final decree. In Haas v. Haas, Fla., 59 So.2d 640, in a similar situation, we said at page 642:
"[B]y filing in the New York court his motion to vacate and set aside the 1948 decree, the respondent must be held to have submitted to the New York court the question of the validity of such decree, and its order denying such motion is conclusive on the question in this court."
It is clear that the New Jersey court acquired personal jurisdiction of Field, and *642 that the final decree is binding upon him. The Appellate Division, in its opinion, stated in part, 105 A.2d at page 871:
"As a result of the trial court's conclusion, the maintenance award is now an in personam obligation and no longer a special judgment. Moreover, the issue of abandonment without justifiable cause and refusal to maintain is likewise unqualifiedly res judicata. Coe v. Coe, 1948, 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451; Sherrer v. Sherrer, 1948, 334 U.S. 343, 68 S.Ct. 1087, 1097, 92 L.Ed. 1429; Davis v. Davis, 1938, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26; Cook v. Cook, 1951, 342 U.S. 126, 72 S.Ct. 157, 96 L.Ed. 146; Harding v. Harding, 1905, 198 U.S. 317, 25 S.Ct. 679, 49 L.Ed. 1066; Hubschman v. Hubschman, E. & A. 1947, 140 N.J. Eq. 284, 53 A.2d 787; Morrissey v. Morrissey, 1949, 1 N.J. 448, 64 A.2d 209, 12 A.L.R.2d 378; Isserman v. Isserman, 1952, 11 N.J. 106, 93 A.2d 571. Specifically, the judgment conclusively establishes that the wife did not desert the husband down to the date thereof. Locher v. Locher, Ch. 1932, 112 N.J. Eq. 25, 163 A. 251; Pitel v. Pitel, Ch. 1919, 90 N.J. Eq. 366, 107 A. 145; Zanzonico v. Zanzonico, Ch. 1936, 186 A. 779, 14 N.J. Misc. 674." (Emphasis supplied.)
The gist of the final decree here appealed from, granting the husband a divorce, is that the wife was guilty of desertion (the desertion commencing with the original separation, referred to above) and also of mental cruelty which consisted primarily of the same desertion. The New Jersey decree was entered on February 19, 1952. The only scintilla of competent evidence in this record that the husband asked his wife to come back to him is a letter which he wrote to her on October 15, 1951, in which he said in part: "As you see I am back at Boca Raton having left the farm as it was too lonesome cold and damp for my condition. I am sorry you would not come there with me but I hope you will soon be back here to take care of me." (R. 268.) The wife immediately replied, questioning the sincerity of this small invitation, as she had every reason to do considering the surrounding circumstances. It will be observed that since the husband's letter was dated October 15, 1951, it was written some time before the entry of the New Jersey final decree, which the New Jersey court established as the critical date up to which it was conclusively shown that the wife had not deserted the husband. Therefore the final decree here appealed from is in sharp and basic conflict with the adjudication of this matter by the New Jersey courts, and cannot stand.
The New Jersey decree of separate maintenance bars relitigation of the question of who was at fault in the separation, and establishes that the wife is living apart from the husband under a valid and binding separate maintenance decree of the court.
In Anders v. Anders, 153 Fla. 54, 13 So.2d 603, we held that where the husband's responsibility for separation from his wife had been determined adversely to the wife in separate maintenance proceedings, she was estopped in a subsequent suit for divorce on the ground of desertion to go behind the separate maintenance decree and show that the husband was responsible for the separation. To the same effect, see Martin v. Martin, Fla., 66 So.2d 268, 270, and Baptist v. Baptist, 130 Fla. 702, 178 So. 846. In the Martin case, the parties conceded that a final decree in favor of the wife in a separate maintenance suit instituted in Connecticut was decisive of the fact that the separation of the parties at its inception was due to the fault of the husband and constituted a desertion of the wife.
There is no issue of res judicata here. In Gordon v. Gordon, Fla., 59 So.2d 40, we pointed out the difference between res judicata and estoppel by judgment, *643 and the distinction need not be reexamined here because the wife does not even contend that the New Jersey decree is res judicata of these proceedings. But regarding estoppel by judgment, we said in Gordon v. Gordon, supra, 59 So.2d at page 44:
"[T]he principle of estoppel by judgment is applicable where the two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issues  that is to say points and questions  common to both causes of action and which were actually adjudicated in the prior litigation."
The husband cannot maintain this suit because he is estopped by the adjudication in New Jersey that the wife was not at fault in the separation. The wife is living apart from her husband under a valid and binding decree, and this separation cannot be relied upon by the husband either to establish desertion or as an act of cruelty.
In fact, nothing antedating February 19, 1952, the date of the New Jersey final decree, can be relied upon by the husband to obtain a divorce upon the ground of desertion or mental cruelty based upon such desertion. If the husband made a bona fide offer of reconciliation after that date, which was rejected by the wife, the husband might allege desertion commencing with such rejection, but that is not the case before us. Moreover, he is not foreclosed from seeking a divorce upon grounds not connected with or based upon desertion, if any he has. But his present action cannot be maintained, and must be dismissed.
The chancellor below made provision for alimony for Mrs. Field. He had before him a counterclaim by Mrs. Field for alimony unconnected with divorce. This counterclaim was not, however, brought upon the outstanding in personam obligation of the husband under the final decree of the New Jersey court. In this connection, we note that the record contains an order of the New Jersey Superior Court, Chancery Division, upon remand of the cause by the Appellate Division, which, among other things, provides for a hearing, upon notice, as to the reasonableness of the $300 weekly maintenance award which had originally been granted the wife by that court. There is no indication that further proceedings have been held in New Jersey. Thus we take it that the personam obligation of the husband to pay $300 per week for separate maintenance is still subsisting in the full amount. This obligation, of course, must be kept current by the husband, and is enforceable by the wife to the extent of any arrearage which may have accrued thereunder. If such arrearage is sought to be enforced in the Dade County Circuit Court, the husband should be credited with any sums which he may have paid for the support of his wife pendente lite while the instant suit has been in progress.
As we have indicated, the principal suit which resulted in the decree appealed from here must be dismissed. We are of the opinion that the wife's present counterclaim, as it is framed, cannot survive the dismissal of the main action and continue as an independent suit. Accordingly, both the main suit and counterclaim must be dismissed without prejudice to the parties to pursue such further remedies as may not be inconsistent with this opinion.
It is so ordered.
TERRELL, Acting C.J., THORNAL, J., and MILLEDGE, Associate Justice, concur.