PEARSON, Judge.
This is an appeal by a defendant wife,, who was also counter-plaintiff, from a final: decree granting a divorce to her husband.. The divorce was granted upon the ground set forth as subsection 8 of section 65.04, Fla.Stat., F.S.A., which is as follows: “That the defendant has obtained a divorce from the complainant in any other state or country.”
The plaintiff and defendant were married in New York State in 1939. In 1948 the husband left the wife and the parties have not lived together since that separation. For a time the husband contributed to the wife’s expenses. Sometime in 1949 the wife flew to Miami to consult an attorney *823 concerning a divorce. All her expenses, including attorney’s fees, were paid by the husband.
.In May of 1950 the husband and wife «consulted an attorney of the wife’s choice in the State of New York. This attorney was paid a fee by the husband. Presumably through this attorney, arrangements were made to procure a divorce for the -wife in the State of Alabama. The wife executed documents prepared for her by the attorney and the husband did likewise. One of these was a stipulation for the payment by the husband of $15 per week alimony to the wife. The wife did not go to Alabama but the husband went to that state .and procured for his wife a final decree of ■divorce.
The husband immediately remarried. For a period of one year the husband paid the alimony payments provided by the .agreement and the Alabama decree. When he ceased to make these payments the wife brought action in New York for the alimony and made recovery. In 1952 the husband returned to Alabama and filed a petition to modify the final decree. No action upon this petition is revealed by the record. Thereafter the husband and his second •wife moved to Florida. In 1957 the wife, -who is appellant here, brought suit in Florida for alimony. While this last men-tioned proceeding was in progress the husband brought a second petition in Alabama -to modify the final decree entered by that ■court. On October 24, 1958, the chancellor in the Alabama court entered an order declaring the 1950 divorce decree void. Immediately thereafter the husband brought these proceedings for divorce. 'The record reveals that the husband continued to live with the second wife after the entry of the decree setting aside the Alabama divorce and up to the date of the final hearing in the instant cause. During the progress of the trial, and after evidence of the last mentioned fact, the defendant-wife moved the court for an order adding the ground of adultery to her counterclaim. The final decree granted a divorce to the husband upon the grounds set forth in section 65.04(8), Fla.Stat., F.S.A., above quoted. We hold the decree of divorce granted to the husband should be reversed.
In Keener v. Keener, decided in 1941, reported at 152 Fla. 13, 11 So.2d 180, 181, the Supreme Court of Florida pointed out that it had not heretofore been called upon to define the scope of section 65.04(8), Fla.Stat., F.S.A., and the limits of this section were delineated as follows:
“A literal interpretation might require a pronouncement to the effect that when an absolute divorce is granted to a complainant in another state and the defendant in that case becomes the complainant in a divorce suit brought in this state against the complainant in the former suit, the complainant here would be entitled to prevail.
“We do not think such an interpretation comports with reason and justice. It would sanction the relitigation of divorce proceedings long settled by final decrees of courts of competent jurisdiction; it would permit one to be harrassed for suit money in more than one state; there would be no end to divorce litigation; and the full faith and credit clause of the Federal Constitution, Section One, Article Four, Constitution of the United States, would for that case be set at naught.
“If the foreign divorce is valid in the state where secured, it will be recognized under the full faith and credit provision of the Federal Constitution and may not be basis for divorce in this state. If on the other hand jurisdiction of the defendant was not acquired or the divorce is not effective as to both parties or is for other reasons invalid, then a complainant here would not be bound by it and would be in position to invoke the provisions of the statute in question to be relieved from it.”
*824 It will be observed in the instant case that prior to the time that the Alabama court set aside its own decree, the decree would not have been the basis for a suit by the husband because there was no question of the Alabama court’s jurisdiction over the husband. After the entry of the Alabama decree setting aside the previously granted divorce the former action might be described as one, which was “not effective as to both parties”, or one, which “is for other reasons invalid”. Yet it is clear that -the plaintiff-husband is not entitled to so urge because such provisions are qualified by the statement “ * * * then a complainant here would not be bound by it [the decree] and would be in position to invoke the provisions of the statute in question to be relieved from it.” (Emphasis added.)
The husband having been an active party in procuring for his wife the Alabama divorce he would not now be in a position to claim that he was not bound by it. See Astor v. Astor, Fla.App.1958, 107 So.2d 201.
The husband is not, in the instant action, seeking to procure a divorce in Florida in order to be relieved from the Alabama divorce. He has already procured an order of the Alabama court relieving him from that decree. Insofar as he is concerned it is as though the Alabama decree had never existed. In the Keener case, supra, it was specifically pointed out that the purpose of section 65.-04(8) is not to sanction the relitigation of divorce cases. It may be presumed that the purpose of the statute is to protect Florida residents from the unhappy situation of being divorced in other states and not divorced in their own state.
We turn now to the equities as revealed by the record. The equitable principle of clean hands applies in suits for divorce. Sahler v. Sahler, 154 Fla. 206, 17 So.2d 105; cf. Stewart v. Stewart, 158 Fla. 326, 29 So.2d 247, 170 A.L.R. 1073. The holding of the chancellor in the instant case, that the equities are with, the plaintiff-husband, is contrary to the legal effect of the evidence. It is undisputed that the husband first abandoned the marital domicile. There is no evidence to excuse this desertion. He actively sought to have the marriage dissolved, presumably to marry another, inasmuch as he immediately contracted a new marriage as soon as the Alabama court dissolved the first marriage. So long as it suited his purposes he acted upon the Alabama divorce decree and only sought to avoid its effects when the financial provisions thereof became burdensome to him. Under these conditions we are impelled to hold that the husband was not entitled to the aid of a court of equity.
We turn next to appellant’s assignments that the court erred in failing to grant her a divorce and in failing to provide alimony pursuant to the terms of the agreement entered into between the parties. The record established that the plaintiff-husband had continuously cohabited with a. woman not his wife from the date of the procurement of the Alabama decree to the date of the final hearing in this cause. If this cohabitation had ceased at the time that the Alabama decree was declared void,, we might have had a more difficult question to answer. Inasmuch as the cohabitation has continued after the setting aside-of the decree and with full knowledge of that order, it cannot be claimed that the cohabitation was under a mistake of law. We conceive that when these facts were revealed by the evidence the issue of adultery was squarely presented to the chancellor and the appellant’s motion (pursuant to Rule 1.15(b), Florida Rules of Civil Procedure, 30 F.S.A.) to amend the pleadings, to conform to the evidence should have-been granted.
The appellant-wife’s assignments, relative to the refusal of alimony are likewise well taken. This record is bare of any showing that the husband is any less, able to pay the alimony now than he was at the time that he stipulated and agreed *825 to its payment. We have previously held that such a stipulation between the parties established the right of the wife to alimony. Bare v. Bare, Fla.App.1960, 120 So.2d 186. In addition there is nothing in the record to indicate that the wife is any less in need of this support than she was at the time the husband agreed to pay it to her. We therefore hold that the wife is entitled to the agreed alimony of $15 a week.
We have examined plaintiff’s other assignments of error, particularly those relating to attorney’s fees, and find that error is not demonstrated thereunder.
The decree appealed is reversed in part and the cause remanded for further proceedings in accordance with this opinion.
Reversed.
HORTON, C. J., and CARROLL, 'CHAS., J., concur.