ALLEN, Chief Judge.
The appellee, as complainant, filed an action for alimony unconnected with divorce under § 65.09, Florida Statutes, F.S.A., and also sought a writ of ne exeat alleging that the defendant had been guilty of desertion for over a year and that defendant had obtained a divorce from the plaintiff in another state. The defendant filed a motion to dismiss on the ground that the complaint failed to state a cause of action and therefore the issuance of the writ and summons was improper. This motion was denied and the defendant has taken this interlocutory appeal from that order.
The appellee alleged in her complaint:
“That this suit is brought for the purpose of securing support and maintenance, and alimony unconnected with divorce, in accordance with Section 65.09 of Florida Statutes Annotated, and the plaintiff charges the defendant with being guilty of willfully, obstinately and continuously deserting her for a period of over one year last past and immediately prior to the filing of this her Bill of Complaint, and on the further ground that the defendant has obtained a divorce from the plaintiff in another state, to-wit: the State of Ohio.” (Emphasis added.)
As can be seen from the above portion of the complaint, the plaintiff’s action is based on § 65.09, which provides:
“If any of the causes of divorce set forth in § 65.04 shall exist in favor of the wife, and she be living apart from her husband, she may obtain alimony without seeking a divorce upon complaint filed and suit prosecuted as in other chancery causes; and the court shall have power to grant such temporary and permanent alimony and suit money as the circumstances of the parties may render just; but no alimony shall be granted to an adulterous wife.”
The allowance of alimony, suit money and counsel fees by the court rests entirely on the facts of each case, but it is fundamental and has been consistently held by the Supreme Court of Florida that marriage must be established prior to the entry of an order requiring the payment of alimony. Tenny v. Tenny, 147 Fla. 672, 3 So.2d 375. Thus the only foundation of an order for alimony, suit money, and counsel fees pendente lite is the fact of marriage between the parties. Chaves v. Chaves, 79 Fla. 602, 84 So. 672. Accordingly, it has long been established that the complaint under § 65.09, Florida Statutes, F.S.A., should allege the existence of the marital relation between complainant and defendant, and a ground for divorce under the statutes in favor of the complainant. Marsicano v. Marsicano, 79 Fla. 278, 84 So. 156.
The plaintiff in the instant case alleges first that the defendant is guilty of desertion. In paragraph IV the plaintiff alleges that defendant deserted her in October, 1956, and that she filed suit for divorce on October 17, 1956. In paragraph VI she alleges that the suit was voluntarily dismissed on December 17, 1956, and the parties re *713 sumed cohabitation. The plaintiff alleges in paragraph VII that defendant filed suit for divorce on January 24, 1957, to which the plaintiff answered on March 5, 1957. On April 16, 1957, the court awarded plaintiff separate maintenance and alimony. Soon thereafter the parties voluntarily had the suit dismissed and resumed cohabitation.
The parties traveled together throughout the United States on a “second honeymoon.” Upon returning to Tampa an altercation occurred and the defendant allegedly deserted plaintiff on September 23, 1957.
The plaintiff filed suit for divorce in Tampa on October 3, 1957. This suit was dormant for some time thereafter due to lack of service on the defendant. On November 1, 1958, the plaintiff was served by registered mail with a notice that suit for divorce had been filed by the defendant in Ohio. The plaintiff did not appear or contest the Ohio suit and a final decree of divorce was entered by the Ohio court on May 19, 1959.
In the meantime, plaintiff’s suit had been dismissed on January 16, 1959, for lack of prosecution. The instant suit was filed by plaintiff on December 31, 1959. It is thus clearly apparent from the foregoing allegations, as taken from the complaint, that during the year which the plaintiff claims for the period of desertion, there were two divorce suits pending between the plaintiff and defendant, one brought by each of the parties, and that, therefore, at the very earliest, the statutory period began to run on January 16, 1959, and had not run for one year by December 31, 1959.
The other ground alleged by plaintiff is that the defendant had obtained a divorce against her in another state. The plaintiff does not question the validity of the Ohio decree and even admits being served and failing to answer or appear. The Ohio decree, a copy of which was attached to plaintiff’s complaint, grants the husband a divorce from plaintiff, awards the husband his automobile and trailer, awards the wife the property owned by the parties in Florida, and awards the husband property owned by him in Ohio. It therefore becomes material as to whether, after not having attacked in any way the validity of the Ohio decree, the plaintiff has successfully alleged first, that the marital relation still exists, and secondly, has the plaintiff alleged a ground for divorce under § 65.04(8).
In Keener v. Keener, 152 Fla. 13, 11 So.2d 180, 181, the Supreme Court observed that the scope of § 65.04(8), Florida Statutes, F.S.A., had not previously been defined and then discussed the issue as follows:
“ * * * a literal interpretation might require a pronouncement to the effect that when an absolute divorce is granted to a complainant in another state and defendant in that case becomes the complainant in a divorce suit brought in this state against the complainant in the former suit, the complainant here would be entitled to prevail.
“We do not think such an interpretation comports with reason and justice. It would sanction the relitigation of divorce proceedings long settled by final decrees of courts of competent jurisdiction; it would permit one to be harassed for suit money in more than one state; there would be no end to divorce litigation; and the full faith and credit clause of the Federal Constitution, Section One, Article Four, Constitution of the United States, would for that case be set at naught.
“If the foreign divorce is valid in the state where secured, it will be recognized under the full faith and credit provision of the Federal Constitution and may not be basis for divorce in this state. If on the other hand jurisdiction of the defendant was not acquired or the divorce is not effective as to both parties or is for other reasons invalid, then a complainant here *714 would not be bound by it and would be in position to invoke the provisions of the statute in question to be relieved from it. * * * ”
The above language was recently quoted with approval in Choucherie v. Choucherie, Fla.App. 1960, 120 So.2d 821, in which case the court again emphasized that the purpose of § 65.04(8) is not to sanction the relitigation of divorce cases but rather the presumed purpose of the statute is to protect Florida residents from the unhappy situation of being divorced in other states and not divorced in their own state.
The plaintiff contends that even though the foreign divorce has been granted based on constructive service, suqh fact does not bar the plaintiff from having her right to alimony and support adjudicated in this state. In support of this position, plaintiff cites the following from Pawley v. Pawley, Fla.1950, 46 So.2d 464, 471, 28 A.L.R.2d 1358:
“Our eighth ground for divorce, reference to which has previously been made, allows a divorce in a case where the defendant has obtained a divorce from the complainant in any other state or country and this, in our opinion, is a definite recognition of a species of ‘divisible divorce.’ No less authority than the Supreme Court of the United States has used the expression and approved the doctrine of ‘divisible divorce.’ * * *
******
“As we use and understand the term ‘divisible divorce’ it is a vocable which was invented in recognition of the fact that a divorce, strictly speaking, is a dissolution of the marital status and may or may not extinguish all of the obligations of the husband originally created by the common law as incidents thereof, including the duty to support his former wife.
******
“Our ruling in this respect is not dependent upon a determination that the divorce is not absolute or valid as a dissolution of the marital status but rests upon the just and equitable recognition of the fact that the defendant wife under such circumstances has not had her day in court, or an opportunity in truth and in fact to be heard, upon the subject of her right to alimony which (.perhaps unlike the inchoate right of dower) is not of necessity destroyed by a divorce decree predicated entirely upon substituted or constructive service. The personal obligation of the husband to support his wife, which devolves upon him at the time of marriage, can survive divorce and ofttimes does, as for example in those divorce actions wherein permanent alimony is awarded. It is not a particularly novel — certainly not an awe inspiring— step to add that the power to adjudicate the former wife’s right to permanent alimony (which was not invoked by the appellant or ever, down to this very hour, exercised by any court) also survives a divorce when that divorce is granted without a consideration of the defendant wife’s right to alimony and in an ex parte proceeding bottomed only upon constructive service. * * * ”
The Supreme Court, in the Pawley case, after concluding that the Cuban divorce decree obtained by Mr. Pawley was valid under the principles of comity, noted however that even though the marital relationship had been dissolved the wife was still entitled to have an adjudication of her right of support and maintenance. On this point the court quoted the text of American Jurisprudence which now appears in the new edition at 17A Am.Jur., Divorce and Separation, § 987, as follows:
“§ 987. Necessity for Jurisdiction in personam in Divorce Action. — The divorce court must have jurisdiction of the wife in personam in order to adjudicate or cut off her right to alimony. While a court may gain juris *715 diction to grant a divorce by constructive service upon a nonresident wife, such a service does not give it jurisdiction to adjudicate alimony rights, and so it is held that an ex parte divorce, obtained by the husband, does not necessarily affect the right of the wife to alimony under the laws of another state, and any express or implied adjudication against her claim is void and will not be given effect by comity or under the full faith and credit clause. * * * ”
In view of the foregoing facts and authorities we conclude that the plaintiff, by alleging the Ohio decree and not questioning its validity, has admitted that the marital status of the parties has been severed. However, the Ohio decree did not destroy all of the responsibilities of the husband incidental to the contract of marriage and which had attached during the existence of the marriage. Based upon the instant complaint and the Ohio decree attached theret@ it is our view of the case that plaintiff has failed to show that the marital relation existed at the time of bringing this action which operates as a bar to an action under § 65.09, Florida Statutes, F.S.A. This foreign decree would not preclude an appropriate action by the plaintiff founded upon Ground No. 8 of § 65.04, Florida Statutes, F.S.A., and for relief by way of support or alimony under the provisions of § 65.08, Florida Statutes, F.S.A. See Pawley v. Pawley, Fla.1950, 46 So.2d 464, 28 A.L.R.2d 1358, rehearing denied Fla., 47 So.2d 546, certiorari denied 340 U.S. 866, 71 S.Ct. 90, 95 L.Ed. 632; Annotation 28 A.L.R.2d 1378, 1390.
The order of the chancellor denying defendant’s motion to dismiss is hereby reversed for further proceedings not inconsistent with this opinion.
Reversed.
SHANNON, J., and WARREN, LAMAR, Associate Judge, concur.