LOPEZ, AQUILINO, Jr., Associate Judge.
This is an-appeal by Mary Furman, the defendant below, from a final decree granting George Furman, plaintiff below, a divorce.
The appellant filed a brief but the appel-lee did not file any. At the time of final argument, attorney for the appellant did not argue the case but submitted the same on his brief due to the fact that the appel-lee was not represented by counsel at the time of argument.
The facts are undisputed that plaintiff and defendant were married in the State of New Jersey on June 25, 1934, and that they lived together until August of 1947 when plaintiff left defendant because he thought she had become enamored with one Norton. On January 13, 1948, defendant obtained a Mexican mail-order divorce from plaintiff and in May, she married Norton who had also obtained a Mexican mail-order divorce. They then moved to California with her only child where she remained for about nine months. When she learned that the Mexican divorce decree was invalid, she left her new husband and moved to New York with her child. In 1950, plaintiff moved back with defendant and lived in the same house from 1950 to 1956. The testimony is not clear as to whether they lived as husband and wife but they lived in an apartment and she kept house, cooked his meals, did the cleaning and in general took care of the home in addition to holding a job on the outside.
In 1956, plaintiff again left defendant and moved in with Loretta Fogarty and the two of them went through a marriage ceremony on January 4, 1958 in Stamford, Connecticut. Shortly thereafter, defendant, Mary Furman, brought an action in New York for a declaratory decree against George Furman and the said Loretta Fo-garty. Personal service was had in New York and George Furman and Loretta Fo-garty were represented by counsel and testimony was taken in open court. On February 24, 1959, the New York court entered a decree declaring the divorce obtained by plaintiff and defendant February 13, 1948 null and void and declaring that Mary Furman was the lawful wife of George Furman and that the marriage between George Furman and Loretta Fur-man, also known as Loretta Fogarty, entered into on January 4, 1958 in Stamford, Connecticut, to be null and void.
Shortly after this decree was entered and with knowledge thereof, the plaintiff moved to Florida. It is undisputed that Loretta Fogarty (Furman) occupied the premises above plaintiff’s place of business on Alton Road and that the plaintiff had a child with said Loretta Fogarty in Florida. There is also testimony to show that Loretta Fogarty (Furman) was held out by George Furman to be his wife.
On November 24, 1959, plaintiff sued the defendant for divorce on the ground of desertion and defendant counterclaimed for separate maintenance and on the grounds of desertion and adultery. At the final hearing, the plaintiff abandoned the ground for desertion and amended his complaint alleging that defendant had obtained a divorce from plaintiff in another country. The defendant adduced testimony as to plaintiff’s desertion and adultery and introduced into evidence final decree of the New York Supreme Court declaring the Mexican mail-order divorce null and void. The lower court gave full faith and credit to the New York decree and ruled that the plaintiff must be denied relief upon the ground asserted, to-wit, the Mexican decree, but then the lower court established a new ground, sua sponte, to-wit, adultery of the defendant. The only testimony as to adultery by the defendant was her admission that she had lived with her new husband nine months or between the time of her marriage after the Mexican divorce and *318 her finding out that the divorce was invalid.
On March 28, 1960, the lower court granted plaintiff a divorce and dismissed the defendant’s counterclaim for separate maintenance with prejudice.
The lower court in its final decree, among other things, found as follows:
“In 1950 the Plaintiff moved in with Mary and the daughter in the sister’s apartment, and they lived in this apartment until 1956. The evidence is conflicting as to whether they lived together as husband and wife, but, for the purposes of this decree, it makes little difference. In 1956, their daughter had a child out of wedlock and the disposition of this child caused violent disagreements and arguments between the parties. Finally, in 1956, Plaintiff moved out of the apartment in New York, and the parties have not lived together since that time.
“In the meantime, prior to his last departure, the plaintiff husband was introduced to one Loretta Fogarty by his wife. This introduction blossomed into a romance, and, on January 4, 1958, Loretta and the Plaintiff were “married” in Stamford, Connecticut. It was then that defendant wife, Mary, decided to bring court proceedings in New York. The result of these proceedings is reflected in the Final Decree of the Supreme Court of New York, admitted as Defendant’s Exhibit A. This court had personal jurisdiction over the parties, they were personally served and each appeared through counsel. The New York decree, dated February 24, 1959, nullified and voided the Mexican mail-order divorce, declared Mary and George Fur-man to be husband and wife, and nullified and voided the marriage ceremony between George and Loretta.
“The Plaintiff husband came to Florida shortly after the New York decree was entered. Mary remained in New York, and Loretta continued to reside there. However, Loretta vacationed in Florida in May, 1959, visited George during the week she was here, and as a result thereof, they are now the parents of a child born December 30, 1959. Loretta, her mother and infant daughter reside in premises used by George in his TV business on Miami Beach. George says he resides elsewhere on the Beach.
“Having established the requisite residence in Florida, George filed suit for divorce against Mary in November 1959, alleging desertion by Mary in August, 1947 (this is the date George first moved out and went to Chicago). Mary counterclaimed for separate maintenance alleging desertion by George in 1956, and adultery with Loretta. At the trial, without objection, George amended his complaint and alleged as his ground for divorce, that Mary obtained a divorce from him in Mexico.
“There is little or no dispute in the facts recited above. The undersigned is of the opinion that the Plaintiff’s ground relied upon his amended complaint would be good were it not for the subsequent valid and binding New York decree declaring the Mexican divorce a scrap of paper. Had George filed his suit before this decree was entered, this Court opines that it would be governed by the answer of the Supreme Court of Florida in the case of Keener vs. Keener [152 Fla. 13], 11 So.2d 180, wherein that Court said:
“ ‘If on the other hand jurisdiction of the defendant (Plaintiff here) was not acquired or the divorce is not effective as to both parties or is for other reasons invalid, then a complainant here would not be bound by it and would be in a position to invoke the provisions of the statute in question to be relieved from it.’ (Parenthesis supplied.)
*319 “It is apparent, therefore, that George was in a good position to obtain a divorce on this ground when he could rely on the Mexican decree, then unattacked. We must, however, give the New York decree full faith and credit, and this decree in effect says that the Mexican decree never existed. Therefore, it is the opinion of this Court that Plaintiff must be denied his relief upon the ground asserted.
“The parties have forgotten, however, that society is a party to this litigation. A child has been born, and unless some relief is given that child will carry an indelible burden the rest of its life.
“By Defendant’s own admission she has been guilty of adultery with one Norton. When, in 1948 she lived with him as husband and wife in California for nine months, she placed herself in a position of an adulterous wife of George during that time and has a New York decree to prove it. This action on her part has never been condoned, according to the testimony in this record, anyway. Therefore, under Rule 1.15(b), Florida Rules of Civil Procedure [30 F.S.A.] this Court, sua sponte, deems the Plaintiff’s complaint to be amended to allege the ground of adultery. This ground has been proven by competent evidence and testimony.
“It is, therefore * *
It appears that the Chancellor misconstrued or misapplied the law to the facts as he found them in entering the decree of divorce. Finding that the decree of New York should have been given full faith and credit, the plaintiff did not come into equity with clean hands as he started living again with Loretta Fogarty after said decree was entered. Furthermore, there was not enough evidence to prove adultery on the part of the defendant. Although according to the Chancellor, this case reflects bizarfe conduct by both parties, it is our opinion that the lower court should have left them where they were and should have entered a decree denying the divorce. The court was correct in dismissing the counterclaim as the defendant is estopped from claiming separate maintenance due to her conduct in obtaining her Mexican mail-order divorce. Chisholm v. Chisholm, 105 Fla. 402, 141 So. 302; Devlin v. Devlin, 157 Fla. 17, 24 So.2d 704; Straughter v. Straughter, Fla.1956, 87 So. 2d 499; Holmes v. Holmes, Fla.1957, 95 So.2d 593; Astor v. Astor, Fla.App.1958, 107 So.2d 201, certiorari denied Fla.1959, 120 So.2d 176.
The final decree appealed is reversed in so far as it decreed a divorce to the plaintiff. In all other respects, the decree is affirmed.
Affirmed in part and reversed in part.
HORTON, C. J., and CARROLL, CHAS., J., concur.