PER CURIAM.
Appellants filed an action in the civil court of record against the appellee Forty- *651 Five Twenty-Five,. Inc., for damages for personal injuries and property loss alleged to have resulted from negligence of the defendant. The trial court entered summary judgment in favor of the defendant. The two plaintiffs filed separate appeals, which were consolidated here.
By their second amended complaint the plaintiffs, who are husband and wife, alleged they were guests in the Eden Roc Hotel, operated by the defendant corporation in Miami Beach, from a date in December 1962 to February 23, 1963; that at 4:30 o’clock A.M. on February 16, 1963, they were robbed and subjected to assault and battery by a thief who entered their locked room with the use of a key; that the defendant was negligent in failing to provide a type of lock for the door, or an additional locking device to prevent such entry when locked from the inside; and that the defendant was negligent by delaying approximately seven minutes before responding to their call for assistance made by telephone to the hotel’s switchboard operator.
Defendant moved for summary judgment, and in support thereof submitted documentary evidence revealing that an action had been filed against the plaintiffs in the City and County of New York by an as-signee of the defendant for their unpaid room rental in the hotel from February 16 to February 23, 1963; and that the plaintiffs had pleaded as a defense and off-set to the rent claim in the New York action the facts as above set forth.
An examination of the transcript of the trial of the matter in the New York action shows that the issues regarding negligence of the defendant corporation which are pleaded in this cause by the plaintiffs, were presented and tried in the New York court and ruled upon adversely to them there. Accordingly, the trial court was eminently correct in holding that the defendant was entitled to judgment as a matter of law, as the record showed that the cause of action which the plaintiffs asserted here is barred by estoppel by judgment. Prall v. Prall, 58 Fla. 596, 50 So. 867, 26 L.R.A.,N.S., 577; Gordon v. Gordon, Fla.1952, 59 So.2d 40; Stone v. Stone, Fla.App.1959, 111 So.2d 486. The fact that such issues were raised and tried in the New York action on pleadings filed by the husband does not relieve the wife of the effect of the estoppel by judgment. She was a party defendant in the New York action, and the assertion of the damage claim against the hotel corporation in the New York case by the husband was for the benefit of his wife as well as for himself. Moreover, a portion of the claim of the husband against the hotel corporation as tried in the New York case was derivative of the wife’s claim to damages. See Sisemore v. Neal, 1963, 236 Ark. 574, 367 S.W. 2d 417, and 50 C.J.S. Judgments § 798.
Affirmed.