WALDEN, Judge.
This is a negligence suit resulting from a Louisiana automobile collision. Plaintiff appeals from a final summary judgment which was entered in favor of defendant, Pahokee Motor Co., the alleged owner of the offending vehicle which struck plaintiff’s automobile.
The problem is neatly framed in the findings contained in the appealed order:
«* * * thg Court finds:
“A. The Plaintiff was injured in a 1961 automobile accident. In a Louisiana Federal District Court the Plaintiff recovered judgment against the driver of a certain Ford automobile.
"B. In a Florida Federal District Court the Plaintiff attempted to prove that Defendant, PAHOKEE MOTOR CO.’s insurance carrier should respond to the Louisiana judgment based upon PAHOKEE MOTOR CO.’s ownership of the Ford. PAHOKEE MOTOR CO. was not a party in the Florida Federal Court.
“C. The Florida Federal Court found that PAHOKEE MOTOR CO. did not own the Ford at the time of the accident and entered judgment in favor of its insurance company.
“D. In the instant case the Plaintiff sues Defendant, PAHOKEE MOTOR CO., for damages resulting from the 1961 accident and relies upon its *743 ownership of the Ford as the basis for its liability.
“The Defendant, PAHOKEE MOTOR CO., has moved for Summary Judgment upon the theory of estoppel. Although Courts have variously described the legal concept involved as estop-pel by record, estoppel by judgment and res adjudicata, this Court will hereafter use res adjudicata.
“It appears that the doctrine of res adjudicata would be applicable if PA-HOKEE MOTOR CO. and its insurance company were in privity. Forman v. Florida Land Holding Corp., 102 So.2d 596 (Fla.1958). Should the company-insured relationship be insufficient to support the doctrine, the modern cases appear to grant a Defendant the benefit of the doctrine to prevent relitigation of an issue determined in a prior action when to do otherwise would allow the Plaintiff an opportunity to twice try the case upon the merits. 46 Am.Jur. 2d, Judgments, Sections 522-523.
“The Plaintiff was given full opportunity to prove her contention concerning PAHOKEE MOTOR CO’s ownership in the Florida Federal Court. Fairness requires that she not be permitted to relitigate the same issue in this Court. The pleadings, depositions and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that Defendant, PA-HOKEE MOTOR CO., is entitled to judgment as a matter of law, * * *”
Here, as reflected in the record, the issue of the Ford’s ownership was fully litigated by plaintiff in the Federal Court and that court in a comprehensive manner clearly and specifically determined as a matter of fact and law that at the time in question title to that Ford, “ * * * resided in Martin Langston and not in Paho-kee Motor Company.” Except that Paho-kce Motor Co. be the owner of the Ford, it has no liability in the instant case and it is not otherwise contended.
Parties may not rclitigate matters actually litigated and determined in prior suits. Gordon v. Gordon, Fla.1952, 59 So.2d 40; Field v. Field, Fla. 1956, 91 So.2d 640; Meyer v. Forty-Five Twenty-Five, Inc., Fla.App. 1967, 198 So.2d 650.
Here plaintiff is precluded from re-litigating the issue of the Ford’s ownership upon the principle or doctrine of es-toppel by judgment. In Shirley v. Shirley, Fla.App.1958, 100 So.2d 450, it was explained :
“The doctrines of res judicata and es-toppel by judgment have been clearly differentiated in a number of Florida cases. In the case of Gordon v. Gordon, Fla.1952, 59 So.2d 40, the Supreme Court thus drew the distinction:
“ ‘The difference which we consider exists between res adjudicata and estop-pel by judgment is that under res adjudi-cata, a final decree or judgment bars a subsequent suit between the same parties based upon the same cause of action and is conclusive as to all matters germane thereto that were or could have been raised, while the principle of es-toppel by judgment is applicable where the two causes of action are different, in which case the judgment in the first suit only estops the parties from litigating in the second suit issues — that is to say points and questions — common to both causes of action and which were actually adjudicated in the prior litigation.’ * * * ”
No error having been demonstrated, the judgment is
Affirmed.
REED, J., and DOWNEY, JAMES C., Associate Judge, concur.