McCAIN, DAVID L., Associate Judge
(dissenting) :
I dissent. Appellant-wife instituted the present proceeding by filing with the Circuit Court of Palm Beach County her complaint for alimony, support and custody unconnected with divorce pursuant to Fla. Stat. § 65.10, F.S.A., since repealed. Ap-pellee-husband counter-claimed for divorce on grounds of adultery and extreme cruelty. The trial court concluded that neither party was “domesticated” and granted appellee-husband’s counter-claim for divorce citing Chesnut v. Chesnut, 1948, 160 Fla. 83, 33 So.2d 730, and Spencer v. Spencer, Fla.App.1966, 193 So.2d 40.
I recognize that the findings of the chancellor in an action for divorce are entitled to great weight, and are not lightly to be overturned where there is conflicting testimony at trial. Nonetheless, in my opinion the voluminous testimony in the instant case overwhelmingly establishes that appellee-husband is not entitled to a divorce.
It is textbook law in this state that one may not come into court of equity with unclean hands and receive relief. This equitable principle has been applied in numerous divorce actions. See Furman v. Furman, Fla.App.1961, 130 So.2d 316; Choucherie v. Choucherie, Fla.App.1960, 120 So.2d 821; and Carlson v. Carlson, Fla.App.1962, 144 So.2d 340.
The trial judge would have it that much of the evidence presented by the parties tending to show numerous adulterous and cruel acts on both sides should be discounted. Even conceding that to be the case, it is my opinion that appellee’s hands are far from clean, and that he is not entitled to the aid of a court of equity. Sahler v. Sahler, 1944, 154 Fla. 206, 17 So.2d 105.
Accordingly, I would reverse and leave the parties as they were.