PER CURIAM.
Defendant seeks review of trial court’s entry of an adverse summary judgment and dismissal with prejudice of his amended counterclaim and third party complaint.
Plaintiff brought suit in New York demanding an accounting for three real estate transactions entered into in Dade County with defendant, her partner, in which plaintiff alleged that defendant failed to properly account for and disburse monies collected. A stipulation was made in open court whereby defendant agreed to pay plaintiff $60,000 by a specified date *880 and if payment was not forthcoming, a partial judgment against defendant could be entered. Subsequently, defendant did not pay plaintiff, judgment was entered according to the stipulation and ' plaintiff sought to enforce the New York judgment in Dade County. Numerous pleadings were filed in the Florida case including defendant’s counterclaim, amended counterclaim and third party complaint. Defendant’s amended counterclaim alleged that out of the same transactions which were the subject matter of plaintiff’s suit, plaintiff’s assignors and plaintiff owed in excess of $100,000 to defendant. Following entry of summary judgment for plaintiff, trial court dismissed with prejudice defendant’s amended counterclaim and third party complaint, denied defendant’s motion for new trial on the basis that defendant attempted to litigate and relitigate the same issues that were already decided by or pending in the New York court.
Under the full faith and credit clause of the United States Constitution the doctrine of res judicata may be applied to the valid and partial final judgment rendered in New York. Maclay v. Maclay, 147 Fla. 77, 2 So.2d 361 (1941). Parties may not litigate matters actually litigated and determined in earlier actions. Field v. Field, Fla.1956, 91 So.2d 640; Gordon v. Gordon, Fla.1952, 59 So.2d 40, cert. den. 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680; Bardwell v. Langston, Fla.App.1971, 244 So.2d 742; Meyer v. Forty-Five Twenty-Five, Fla.App. 1967, 198 So.2d 650. The summary judgment of the lower court and its dismissal with prejudice of defendant’s amended counterclaim and third party complaint is affirmed.
This affirmance, however, relates only to those matters decided in the partial judgment of the New York court and does not prejudice issues and rights currently pending before the New York court.
The final order of the Circuit Court is modified to reflect the above and as modified it is affirmed.