TERRELL, Justice.
In August, 1953, appellee filed her complaint in Dade County praying for divorce from appellant on the ground of extreme cruelty and habitual intemperance. Defendant answered by denial and interposed the defense of separation from bed and board for abandonment in New York. Copy of the final judgment of the New York court entered April 30, 1953, was attached to the complaint. It awarded custody of their child, twenty-two months, to *861 the mother and required the husband to pay $15 per week for its support.
At final hearing, the Circuit Court of Dade County ordered the husband to pay the wife $165, arrears due for support of the child under New York decree, and to continue such payments weekly. He granted the wife an absolute divorce, ordered the husband to contribute $20 each week for support of the child and to pay the wife’s attorneys fees, including cost of the litigation. The husband has appealed from that decree.
The primary question is whether or not the New York decree granting the husband a divorce from bed and board on the ground of abandonment bars the wife’s action for divorce in Dade County on the ground of habitual intemperance.
In our view this question requires a negative answer on authority of Gordon v. Gordon, Fla.1952, 59 So.2d 40; Coleman v. Coleman, 157 Fla. 515, 26 So.2d 445, and Roy v. Roy, Fla.1954, 73 So.2d 294. These cases approve the doctrine that where one spouse brings separate maintenance proceedings on the ground of abandonment, the judgment secured is not res judicata or estoppel as to Florida divorce proceedings by the other spouse on grounds of alleged habitual intemperance or extreme cruelty since the actions are entirely different.
Other questions have to do with whether or not the evidence supports the final decree and whether or not the said decree was equitable as to right of visitation of the minor child by the father on account of the distance between the domicile of the mother and father.
These questions have been examined but we find no reversible error so the judgment is affirmed.
Affirmed.
DREW, C. J., concurs specially.
HOBSON and O’CONNELL, JJ., concur.