BOARDMAN, Chief Judge.
This controversy has been vigorously contested by appellant. The file is voluminous and, to say the least, the pleadings are confusing.
On May 1, 1970, appellee, former husband, filed suit against appellant, former wife, for divorce. After a hearing, final judgment of divorce was entered by the circuit court judge on May 27, 1970. A separation agreement entered into between the parties was incorporated by reference into the final judgment. On May 20, 1971, appellee filed a motion for relief from judgment pursuant to Fla.R.Civ.P. 1.540. By that motion she sought release from the separation agreement as to disposition of the marital home and enforcement of appel-lee’s agreement to pay the outstanding debts of the marriage incurred up to April 25, 1970. That motion was dismissed for failure to prosecute on April 8, 1974.
On April 2,1974, appellant filed a petition for declaratory judgment seeking, in the final analysis, enforcement of certain provisions of the separation agreement. That petition was amended at various times by appellant, and on January 20, 1976 all of the amendments to that date and the original petition were dismissed by the trial court with leave to file amended pleadings within 20 days. The cause came on for final hearing on her reconstructed petition without objection from opposing counsel *787 and with the consent of the trial court.[1] She specifically alleged that according to the terms and provisions of the agreement she was to receive one half of the appraised value of the marital home, that she was entitled to be reimbursed for monies she expended for the period of time that two of their children were in her custody, and that she was entitled to reimbursement by ap-pellee for all outstanding indebtedness of the marriage up to April 25,1970, which she had paid. After trial before the court, the judge “[a]djudged . . . [appellant] take nothing by this action. . . .’’It is from this order that appellant has appealed.
Appellant contends that according to the terms of the separation agreement, as modified during the final hearing in the divorce action, she was entitled to one half of the appraised value of the marital home. We have read the agreement and the testimony of the parties and do not agree with appellant’s position on this point. As we read the agreement, appellant was to receive one half of the equity that the parties had in the home at the time of the final hearing on the divorce action. As of May 20,1971, the home had an appraisal value of $12,000. There is no dispute that the balance of the outstanding mortgage as of May 27, 1970, the date of the final judgment of divorce, was $6,615.60. At the time of the divorce, the equity in the home was $5,384.40. Appellant executed a quit claim deed to the home on May 28,1970, to appel-lee. On February 25, 1972, appellant received the sum of $3,000 from appellee, which she contends was only a partial payment and that she was to receive the balance when the home was sold. The trial court found otherwise, and the record shows sufficient, competent evidence to support that finding. We affirm on this point.
The separation agreement clearly provided that should any of their children live or visit with appellant that appellee shall remain responsible and liable for his share of their support, maintenance, and education. According to the allegations contained in appellant’s petition, their two sons, Robert and Ronald, did reside with her for considerable periods of time during the years following the divorce. She sought reimbursement for their expenses as provided in the agreement. During the final hearing on this claim, appellant’s counsel attempted to elicit testimony from appellant as to the amount of expenses incurred by her in behalf of the children. Counsel for appellee objected to this line of questioning on the ground of res ad judicata, and the objection was sustained by the trial court. We have searched the record and, being unable to find a legal basis for such ruling, we hold that the trial court erred and reverse on this point.
At trial the only mention of res adjudica-ta relevant to this issue was:.
Q (By Mr. Greene) In paragraph four of the agreement between you and A1 at the time of your divorce as the date was previously described, it provided in there that should any of the children live or visit with Harvey that Lippert shall be responsible and liable for their support, maintenance and et cetera.
Now I ask you whether or nor, with reference to that paragraph, any of the children lived with you for any period of time after the dissolution of the marriage which occurred, I believe it was in May of 1970?
MR. MARSHALL: Objected to. That is res judicata.
THE COURT: I’ll sustain the objection.
MR. GREENE: Well, Your Honor, what I would proffer is—
THE COURT: All right.
MR. GREENE: Is the testimony of Mrs. Lippert with reference to that, the allegations that we have in count two *788 of the reconstructed petition which consists of paragraphs, after the introductory part, paragraphs 11 through 16; and that she would testify that in accordance therewith that is that these were the periods as outlined therein; that she had custody of the children; that she had during that period of time, the reasonable value of the support would have been $20 for Robert, $30 for Ronald for the period of time described in those paragraphs. That of that total amount, the defendant, A1 Lippert, had paid to her $60 for Robert and $40 for Ronald and he owes her the balance thereon as computed from just reading over that petition; and that the testimony would show that during that entire period that he was employed and was earning sufficient monies wherein he could have paid that money to her and that her income during that period was such that she was unable to sustain the cost of those children and that she had made demands on .him for payment and that from the beginning up to the present time — that the pleadings filed during this time indicate rather that we sought that relief as reflected in the file in this present case.
THE COURT: OK.
MR. GREENE: It’s my understanding that the Court will not listen to any of that testimony?
THE COURT: That’s correct.
Appellee did not establish any basis for res adjudicata. None of the orders of the trial court previously described would constitute a final adjudication on the issue of support payments for the children. See Shirley v. Shirley, 100 So.2d 450 (Fla. 2d DCA 1958).
The case is remanded to the trial court for the purpose of allowing appellant an opportunity to show by competent evidence the amount of expenses she incurred while the two children were in her custody. In all other respects the final judgment of the trial court is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
GRIMES and SCHEB, JJ., concur.

. On February 11, 1976, appellee filed a suggested order of final judgment of dismissal for the trial judge’s signature. It was not signed by the court. Appellee raised as a cross-assignment of error the trial court’s failure to enter a final judgment of dismissal. This point was not argued at trial nor was it pursued any further on appeal.